Irving Goldman, J.
On December 1,1948, the relator Monroe Williams was sentenced by the Nassau County Court as follows: for robbery, first degree, 30 to 60 years; burglary, first degree, 15 to 30 years; grand larceny, first degree, 10 to 20 years; *1063 assault, second degree, 5 to 10 years. The sentences were ordered to run concurrently.
On September 12,1958, the defendant appeared without counsel for resentence before the Nassau County Court, who vacated the 1948 sentence as illegal and resentenced the relator as follows: robbery, first degree, sentence suspended; burglary, first degree, 10 to 20 years; grand larceny, first degree, 5 to 10 years; assault, second degreé, sentence suspended.
The net result of the resentence process was the imposition of two prison sentences: for burglary, first degree, 10 to 20 years; for grand larceny, first degree, 5 to 10 years. The other two sentences were suspended. The court stated, however, that the sentence for grand larceny, first degree, was to begin at the expiration of the sentence imposed for burglary so that it became a consecutive sentence rather than a concurrent one as originally pronounced. Relator was to receive credit for all time already served.
It is undisputed that the relator has been in prison since December 1, 1948, with the exception of certain periods when released on parole.
In computing the time owed by the prisoner, the Warden employs the following method: There are added the two máximums of 20 and 10 years for burglary and grand larceny, respectively, for a grand total of 30 years as time owed as of the date of his receipt in prison on his original sentence or December 1,1948, thus arriving at a release date in 1978. Credit for 4 months and 12 days of jail time is then given so that the release date is then July 18,1978. This date has been adjusted to compensate for periods of delinquency following the prisoner’s return to prison after release on parole so that the maximum expiration date has been established as September 21, 1978.
The prisoner contends that this method of computation is improper: that the sentences should be considered separately. Using the relator’s method and considering first the burglary sentence of 10 to 20 years, the release date would occur in 1978 if computed from the date of resentence. By giving credit for time already served, as directed by the court, the release date would be 1968. (The result would be the same were this 10-to-20-year sentence to be considered as imposed nunc pro tunc to the date of the original sentence in 1948.) The grand larceny sentence with its 10-year maximum should then follow, imputing a release date in 1978. However, since this is a separate sentence for a separate crime, relator contends that it, too, should have allocated to it credit for the 10 years served from 1948 to *1064 1958 on the original sentence for the same crime as directed by the court and as provided for by section 2193 of the Penal Law.
Section 2193 of the Penal Law was amended in 1960 so as to add new subdivision 4 which provides: ‘ ‘ Where a judgment of conviction is vacated, and a new sentence is thereafter imposed with respect to the same crime, any time spent by a person under the original sentence shall be deducted from and credited to the term of the sentence subsequently imposed with respect to such crime. ’ ’
Albeit the foregoing was not a part of the Penal Law at the time of resentence in 1958, it was in effect in 1968 when the sentence for grand larceny was to begin, and would be controlling.
No reported precedent has been found resolving this problem of allocating the credit for time served on prior concurrent ! sentences where these have been vacated and new separate sentences imposed. Does one apply the time served against the aggregate of the maximum sentences as the Warden has done? Or does one credit the time served on the original concurrent sentences against each new separate sentence on the premise that such timé was indeed earned on each of the original sentences by reason of their concurrency?
The latter concept is not completely new. In Matter of Donahue v. Brown (3 Misc 2d 969), the prisoner received three sentences. Eighty-nine days in the county jail had been served while awaiting the disposition of the three crimes charged. Three separate commitments were thereafter issued for the three sentences. Each commitment bore its separate indorsement certifying that the prisoner was entitled to 89 days credit for his jail time. The Warden of the county penitentiary to which he was eventually committed computed the credit in the same manner as the respondent Warden here: crediting 89 days once against one, but not all, of the crimes. The Supreme Court at Special Term held that the Warden was compelled to honor and not to challenge the indorsement on each commitment which, in effect, would allow the credit against each of the three crimes. The court noted that if these commitments were erroneous then application should be made by the officer making the indorsements or the District Attorney to correct them.
Nothing has been found in the reported cases to indicate that the credit for jail time given the prisoner in Donahue was ever subsequently challenged.
In the instant matter, the logic of the relator’s contention is more appealing to this court than the method of computation *1065 employed by the Warden. The Warden’s procedure seems practical and sound when the credit to be applied for prior time served arises from a single sentence subsequently vacated. Where the credit arises from time served on precedent multiple sentences, his position appears contrived.
The relator’s sentences, both original and revised, raise two unexplored and unexplained areas. At face value, the crimes originally charged seem to have arisen from one transaction rather than a series of transactions. The record furnished the court is incomplete on this score so that a determination cannot be made as to whether the crimes were the result of a single act. Granted that it is within the discretion of the sentencing court to determine whether one or more sentences are to run concurrently or consecutively, it is well established that if sentences to be imposed result from two or more offenses committed through a single act or omission, the sentences must run concurrently and not consecutively. (People ex rel. Maurer v. Jackson, 2 N Y 2d 259, 264.) Bather than prolong proceedings by requesting a complete transcript of the trial minutes to review them in light of Maurer, the court prefers to rest its decision upon its interpretation of section 2193 of the Penal Law, to the effect that each sentence retains the credit for time served against it in the event of any subsequent resentence.
The second unexplored area is that created by the sentencing court’s change from concurrent sentences to consecutive ones. The relator here was originally sentenced for a term of from 10 to 20 years for the grand larceny charge. On resentence, this was reduced to a sentence of from 5 to 10 years. However, the original sentence was to have run concurrently with other longer sentences. On resentencing, his new sentence for grand larceny was changed to run consecutively, after completion of a 20-year sentence. Were the Warden’s computation to stand, the prisoner will have served from 1948 to 1978 or 30 years to complete his sentence for the grand larceny crime. In that sense, his punishment will have been increased by 10 years.
It is the rule in this Department that ‘ ‘ harsher penalties may constitutionally be imposed upon resentence, if there exists a valid reason for the imposition of such sentence.” (People v. Fink, 27 A D 2d 893, 894.) In Fink, the appellate court for this Department, remanded the case for resentencing, stating that “ the reasons for the harsher sentence are not set forth in the record on resentence.” (p. 894.) The court cited among other cases, as authority, its decision in People v. Small (2 A D 2d 935). There the sentencing court upon resentence, *1066 had charged the sentences from running concurrently to consecutive ones. The appellate court modified the judgment of conviction by directing that the sentences run concurrently, as originally provided, rather than consecutively. Similarly, the Appellate Division for the Fourth Department in People v. Krzywosz (23 A D 2d 957), held that the imposition of consecutive sentences upon resentence to replace original concurrent sentences resulting in a greater sentence was improper, conceding that the sentencing Judge possessed the discretion to do this but noting that there was nothing in the record to establish the basis for the exercise of that discretion.
The minutes of the resentencing proceeding submitted in the argument on the instant motion reveal no reason for the change from the concurrent to consecutive sentences.
The relief sought by the prisoner was initiated by his petition for a writ of habeas corpus. The writ is sustained.