Mark W. TARRANCE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1977.

Mark W. Tarrance, pro se.

Robert F. Stephens, Atty. Gen., Commonwealth of Kentucky, George Geoghegan, III, Asst. Atty. Gen., Frankfort, Morris Lowe, Commonwealth's Atty., Bowling Green, for appellee.

Before GANT, COOPER and HOWERTON, JJ.

GANT, Judge.

This is an appeal from an order of the Warren Circuit Court denying the prisoner credit for penitentiary time. The issue is whether it was in violation of either a Kentucky statute or the 14th Amendment to refuse to apply credit for time served to each of two sentences which the Appellant had been serving concurrently in the State Penitentiary, but which were subsequently ordered to be served consecutively after Appellant won a reversal of one of the convictions and was again convicted. The argument of the prisoner is that since he was previously serving both sentences simultaneously, the 29 months he served under the first conviction should now be credited to each of the sentences, so that he would have an effective aggregate credit of 58 months to the present consecutive terms.

A chronology of the relevant facts is as follows:

1. August 22, 1973—Tarrance pled guilty to false imprisonment in Warren Circuit Court and was sentenced to five years in the penitentiary.

2. October 11, 1973—He was convicted of rape by a jury in Butler Circuit Court and given a sentence of life without the benefit of parole. The Trial Court did not indicate that it was to be served consecutively with the previous sentence; thus it was served concurrently.

3. April 11, 1975—The Kentucky Court of Appeals reversed the rape conviction because of trial errors.

4. March 5, 1976—After reindictment for the same charge of rape and a change of venue to Warren Circuit Court, he pled guilty and received a sentence of five years to be served consecutively with the sentence for false imprisonment.

5. March 31, 1976—Tarrance filed a motion in Warren Circuit Court to be granted credit on both sentences for time served.

6. April 2, 1976—His motion was sustained and the Department of Probation and Parole was ordered to compute the proper time.

7. April 12, 1976—An order was entered specifying that Tarrance was to receive 727 days of credit on the sentence for rape.

8. May 19, 1976—An order was entered stating that the April 12 order was erroneous, that he was entitled to no credit and the order allowing credit was set aside. It is from this final order that he appeals.

Appellant contends that to refuse application of credit to each sentence is a denial of due process and equal protection, and in addition is a violation of Ky.Rev. Stat. 431.155. Unless there exists some Constitutional or statutory limitation, the sentencing power is of course discretionary with the trial judge.

Both parties cite *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, (1969) in support of their arguments. We believe *Pearce* to be of little help and it is certainly not dispositive of the issue. In that case the Supreme Court held that the Fifth Amendment guarantees against double jeopardy, enforcible upon the states by the Fourteenth Amendment, "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." The *Pearce* decision, however, was concerned with Constitutional restrictions upon imposition of a *harsher* sentence upon conviction after retrial. Further, the case did not involve concurrent sentences later altered to consecutive sentences. The above quoted language might therefore be taken better as a guide than a master, and be considered in light of the particular circumstances of the case.

For example, in *Thacker v. Garrison,* 527 F.2d 1006 (4th Cir. 1975) time served by Thacker on a subsequently vacated conviction had then been credited to another sentence the prisoner was facing. After the defendant had been convicted and sentenced upon retrial, he complained that his new sentence should reflect credit for time served under the previous conviction. The 4th Circuit reasoned that while a literal reading of *Pearce* would dictate such a result, the time had already been credited to another sentence and therefore all Constitutional demands had been satisfied.

The only case discovered with a fact situation similar to the one at bar is *People ex rel. Williams v. LaVallee,* 57 Misc.2d 1062, 294 N.Y.S.2d 52 (S.Ct., Clinton County, 1968). It is interesting to note that the court in its opinion mentioned that no reported precedent had been found resolving the problem of this fact situation. In *Williams* the prisoner had received four concurrent sentences in 1948, the longest being a thirty-to-sixty year term for robbery. In 1958, the 1948 sentences were vacated and Williams was resentenced, two of the original four sentences being suspended. Williams at the resentencing received a five-to-ten year term for grand larceny and a ten-to-twenty year term for burglary, to be served consecutively. Upon being granted ten years credit on the aggregate fifteen-to-thirty year term Williams petitioned the court for ten years credit application to both sentences. Note that the petition was filed ten years after his second sentencing.

The Clinton County Supreme Court concluded that Williams should receive ten years credit on each sentence. The court speculated that the offenses arose out of the same transaction and thus should have run concurrently (a statutory requirement) in the first place. Declining to wait for a transcript, however, the court rests its decision on its interpretation of a New York statute pertaining to credit for time served under a reversed or vacated conviction. The statute states in pertinent part that "any time spent by a person under the original sentence shall be deducted from and credited to the term of the sentence subsequently imposed with respect to (the same) crime." It would appear from any reasonable interpretation of the statute the New York court had very little discretion to exercise.

Turning to Kentucky statutory limitation upon the sentencing discretion of the trial judge, the Appellant relies on Ky.Rev.Stat. 431.155 as controlling the circumstances of this case. The Commonwealth argues that Ky.Rev.Stat. 431.155 was repealed as of January 1, 1975, and that since Tarrance was sentenced upon the second conviction in March, 1976, Ky.Rev.Stat. 532.120 is the appropriate statute pertaining to concurrent and consecutive sentences. While there might be some rationale for that position, Ky.Rev.Stat. 500.010 and 500.040 ap-

pear dispositive. Ky.Rev.Stat. 500.010 states: "Ky.Rev.Stat. Chapters 500 to 534 shall be known as the Kentucky Penal Code," and Ky.Rev.Stat. 500.040(1) states in part: "The provisions of this Code shall not apply to any offense committed prior to January 1, 1975 . . . .. Such an offense must be construed and *punished* according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted." As both offenses occurred prior to January 1, 1975, we are of the opinion that former Ky.Rev.Stat. 431.155 controls. That statute provides: "(1) Any person convicted and sentenced to a state penal institution shall receive a credit on his sentence for the amount of time the person has spent in custody prior to the commencement of such sentence as a *result of the charge that culminated in the sentence.* . . . Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:

(a) If the sentences run concurrently, the credit shall be applied against each such sentence;

(b) If the sentences run consecutively, the credit shall be applied against the aggregate term of the sentences." (Emphasis added.)

Most important, it is clear that this provision was drawn in contemplation of crediting a convicted defendant with time spent in custody awaiting trial, and not with time served in the penitentiary after conviction. Further, the language of the statute renders the provision inapplicable to the circumstances of this case as it speaks of time spent in custody "as a result of the charge that culminated in the sentence." Clearly, the time Tarrance spent in the penitentiary was not as a result of the latest charge of rape, but was served for the previous charge of and conviction for rape *and* for the charge of and conviction for false imprisonment. In any event, if Ky.Rev.Stat. 431.155 could by any means be interpreted to pertain to the present circumstances it would not be helpful to Tarrance. In fact,

Subsection (b) supports the decision of the sentencing court.

■ Based upon current law pertaining to the circumstances of this case, we believe that the trial judge was correct to exercise his discretion in setting aside the order specifying that Tarrance was to receive 727 days of credit on the sentence for rape. The question before this Court must be whether he abused that discretion.

From a technical standpoint it might seem that since he was indeed serving both sentences simultaneously under the first convictions in 1973, the Appellant should be able to apply that time served to both of the present sentences. On the other hand, the Appellant, through the appellate and retrial procedure, has been fortunate enough to trade a life without parole sentence for a five-year sentence on the same offense. He now wishes to press his fortune further because the sentences in the first instance were left to run concurrently. With this in mind, this Court is of the opinion that the Trial Judge did not abuse his discretion.

The Appellant lists in his brief as a "Question Presented" his "Right to be Present in Court When Said Order Was Entered." He cites no authority for and does not argue this "Question." Therefore, this Court is not inclined to review that issue.

For the above stated reasons, circuit court's order is affirmed.

All concur.