■ In the Matter of JOSEPH MARIANI, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES OFFICE OF SENTENCING REVIEW, Respondent. [818 NYS2d 316]—

Crew III, J. Appeal from a judgment of Supreme Court (Teresi, J.), entered October 6, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating credits to petitioner's term of imprisonment.

Petitioner was convicted in 2002 in Schenectady County of three counts of burglary in the third degree and was sentenced to three concurrent prison terms of 15 years to life, to be served concurrently with an unexpired term of federal incarceration. In May 2004, after petitioner completed his federal sentence and was in the custody of the Department of Correctional Services (hereinafter DOCS), the concurrent sentences were vacated and he was resentenced to three consecutive prison terms of 3½ to 7 years, to be served concurrently with the then-expired federal sentence. Following recalculations by DOCS, it was determined that petitioner's consecutive state sentences began to run on April 3, 2002 and that he was entitled to 72 days of jail-time credit. Supreme Court dismissed the CPLR article 78 proceeding that petitioner subsequently commenced seeking review of DOCS's calculations, and petitioner now appeals.

Petitioner contends that his new sentences must be credited with all the time served on the vacated sentences from the date of his arrest in 2001 until the sentences were vacated in 2004. DOCS correctly credited petitioner for federal jail time served concurrently with his state sentences by crediting that time against his minimum periods of incarceration (*see* Penal Law § 70.30 [1] [a]; *People ex rel. Bleiwas v Commissioner of Correctional Servs.*, 19 AD3d 899, 900 [2005]) but not against the maximum aggregate term of his consecutive sentences (*see* Penal Law § 70.30 [3]; *Matter of Jones v New York State Dept. of Correctional Servs.*, 305 AD2d 891, 892 [2003], *appeal dismissed* 100 NY2d 613 [2003]; *Matter of Canada v McGinnis*, 36 AD2d 830 [1971], *affd* 29 NY2d 853 [1971]). These credits were calculated and applied against his new sentences "as if [they] had commenced at the time the vacated sentence commenced" (Penal Law § 70.30 [5]) and, thus, petitioner received all the credit to which he was entitled for the time served on the vacated sentences.

Petitioner further contends that inasmuch as his jail time credit was applied to each of the three original sentences because they were imposed concurrently (*see* Penal Law § 70.30 [3] [a]), the jail time should be credited to *each* of the three consecutive sentences (*see People ex rel. Williams v LaVallee*, 57 Misc 2d 1062 [1968]). The current statutory scheme, however, does not authorize such a result. DOCS correctly determined that the jail-time credit should be applied only once to the consecutive sentences, against the aggregate maximum term and the aggregate minimum period of incarceration (*see* Penal Law § 70.30 [3] [b]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.