Malone Jr., J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered August 12, 2012 in Albany County, which *1342 dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request for a recalculation of his maximum expiration and conditional release dates.
Following his plea of guilty to, among other things, robbery in the first degree and attempted robbery in the first degree, petitioner was sentenced on January 4, 2007 in Supreme Court, Nassau County, to concurrent 10-year prison terms followed by five years of postrelease supervision.* At that time, respondent calculated petitioner’s aggregate maximum expiration date to be November 23, 2016 and his earliest conditional release date to be June 17, 2015. Thereafter, the Appellate Division, Second Department, vacated the 2007 sentences and remitted the matter for resentencing (People v Charles, 67 AD3d 698 [2009], lv dismissed 13 NY3d 906 [2009]). Petitioner was subsequently resentenced to, among other things, five years in prison followed by five years of postrelease supervision for the robbery in the first degree count and four years in prison followed by five years of postrelease supervision for the attempted robbery in the first degree count, with the sentences to run consecutively to each other. Following recalculations by respondent, petitioner was credited with, among other things, the time he had already served on the vacated 2007 sentences, resulting in a new maximum expiration date of November 23, 2015, with an earliest conditional release date of August 9, 2014.
Petitioner then commenced this CPLR article 78 proceeding claiming that respondent failed to credit him with the correct amount of time served pursuant to Penal Law § 70.35 (5). According to petitioner, since his vacated 2007 Nassau County sentences were concurrent to each other, the amount of time he served should have been counted twice, resulting in a determination crediting him with approximately six years of time served with respect to the new aggregate nine-year sentence. Supreme Court dismissed the proceeding, prompting this appeal.
We affirm. Pursuant to Penal Law § 70.30 (5), when a prison sentence “is vacated and a new sentence is imposed . . . the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time credited against the vacated sentence shall be credited against the new sentence” (see Matter of Mariani v State of N.Y. Dept. of Correctional Servs. Off. of Sentencing Review, 30 AD3d 945, 946 *1343 [2006]). Here, respondent complied with that statutory provision by applying approximately three years of credit for the time that petitioner had served on the vacated aggregate sentence of 10 years to the new aggregate sentence of nine years. Contrary to petitioner’s argument, the use of the singular “sentence,” instead of the plural “sentences,” in Penal Law § 70.30 (5) does not support his claim that, due solely to the vacated sentence, he is now entitled to separate time served for each sentence that he was formerly serving concurrently. As noted by the Court of Appeals, “[underlying Penal Law § 70.30 is the proposition that concurrent sentences and consecutive sentences yield single sentences, either by merger or by addition” (People v Buss, 11 NY3d 553, 557 [2008]). Moreover, since petitioner’s sentence was “interrupted” by the Second Department’s vacatur of the original sentence (see Matter of Anderson v Kirk, 72 NY2d 995, 997 [1988]), his claim that respondent violated CPL 430.10 by interrupting his sentence and failing to award him duplicate credit for time served is unpersuasive. As it stands, once petitioner was resentenced, those sentences “commenced” in March 2007 for purposes of CPL 430.10 and respondent’s calculations thereafter were in accordance with the law.
We have examined petitioner’s remaining arguments and find them lacking in merit. Even assuming, arguendo, that petitioner is correct in arguing that the calculation of his time served upon resentencing runs counter to People ex rel. Williams v LaVallee (57 Misc 2d 1062 [1968]), we disagree that this case would be binding upon us herein.
Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 At the same time, defendant was sentenced to a concurrent jail term of three months for his conviction of attempted unlawful possession of personal identification information in the third degree; however, that sentence has already been served and is not at issue herein.