Matter of Williams v Holford

2026 NY Slip Op 03208

May 21, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Danny Williams, Appellant,

v

Diane H. Holford, as Sentence Review Coordinator for the Department of Corrections and Community Supervision, Respondent.

Decided and Entered:May 21, 2026

CV-24-1089

Calendar Date: April 17, 2026

Before: Clark, J.P., Ceresia, Mcshan, Mackey And Ryba, JJ.

Danny Williams, Ossining, appellant pro se.

Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondent.

[*1]

Appeal from a judgment of the Supreme Court (Andra Ackerman, J.), entered May 29, 2024 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of the Department of Corrections and Community Supervision calculating petitioner's parole eligibility date.

Petitioner was convicted of attempted criminal possession of a weapon in the third degree and, in February 2012, his sentence of probation upon that conviction was revoked and he was resentenced to a prison term of 1⅓ to 4 years. Petitioner was convicted separately of murder in the second degree, attempted murder in the second degree and assault in the first degree and, in February 2012, was sentenced to serve 25 years to life on the murder conviction and 25 years, to be followed by five years of postrelease supervision, on each of the other convictions. All of the foregoing sentences were to run consecutively with the exception of those imposed upon the attempted murder and assault convictions, which were to run concurrently to each other.

As is relevant here, after an amended jail time certificate was issued in 2023 that increased petitioner's jail time credit to 646 days, the Department of Corrections and Community Supervision (hereinafter DOCCS) recalculated his initial parole eligibility date. After his challenge to that calculation was rejected by DOCCS, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action, arguing that DOCCS erred in calculating his parole eligibility date and that his sentences only ran consecutive to each other "in theory." Supreme Court disagreed on both issues and dismissed the petition/complaint, prompting this appeal.

We affirm. Upon this appeal, petitioner focuses solely upon the imposition of the consecutive sentences and has therefore abandoned any challenge to the application of jail time credit by DOCCS in calculating his parole eligibility date (see Matter of Smith v Annucci, 162 AD3d 1430, 1431 n [3d Dept 2018], lv denied 32 NY3d 909 [2018]). We would, in any event, agree with Supreme Court that the calculation was proper (see Penal Law §§ 70.30 [3] [b]; 70.40 [1] [a] [iv]; Matter of Mariani v State of N.Y. Dept. of Correctional Servs. Off. of Sentencing Review, 30 AD3d 945, 946 [3d Dept 2006]). Assuming, without deciding, that petitioner's challenge to the imposition of consecutive sentences was sufficiently articulated in his petition to be properly before us, Supreme Court correctly determined that DOCCS is conclusively bound by the commitment papers accompanying petitioner and that any challenge to their contents must be "pursue[d] [in] an appropriate proceeding before the sentencing court" rather than in this matter (Matter of Olutosin v Annucci, 174 AD3d 1262, 1264 [3d Dept 2019], lv denied 34 NY3d 908 [2020]; see Matter of Mills v New York State Bd. of Parole, 224 AD3d 1025, [*2]1027-1028 [3d Dept 2024], lv dismissed & denied 41 NY3d 1015 [2024]). Petitioner's remaining contentions, to the extent that they are not addressed by the foregoing, have been considered and found to be lacking in merit.

Clark, J.P., Ceresia, McShan, Mackey and Ryba, JJ., concur.

ORDERED that the judgment is affirmed, without costs.