◼ In the Matter of GARY E. BOGLE, Appellant, v LOUIS F. MANN, as Superintendent of Shawangunk Correctional Facility, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 28, 1990 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

Petitioner, a prisoner in Shawangunk Correctional Facility in Ulster County, had received multiple disciplinary penalties which cumulatively would have kept him in the special housing unit (hereinafter SHU) until November 1, 1991. The disciplinary disposition imposed on March 27, 1988 expired on May 6, 1989. However, petitioner was not released to the general prison population on May 6, 1989 even though disciplinary determinations which originally applied to the time period after May 6, 1989 had been administratively expunged. The next "surviving" disciplinary disposition dated May 18, 1988 was originally scheduled to begin on August 20, 1990. Due to the expungement, however, this period was advanced so that petitioner was not released from SHU on May 6, 1989 and he began serving the discipline imposed on May 18, 1988. The gist of his claim in this proceeding is that he was deprived of his liberty interest of returning to the general prison population until August 20, 1990, when his next surviving disciplinary disposition was scheduled to commence, and

that his "rights" were violated when that penalty was advanced and made to run consecutively to the term that had expired on May 6, 1989, leaving him in SHU.

Petitioner wrote a letter dated May 2, 1989 to respondent setting forth his contentions. On May 9, 1989, respondent wrote petitioner that he would remain in SHU as the result of disciplinary sanctions that ran "consecutively" to September 10, 1990. This written refusal of petitioner's requested relief commenced the running of the four-month Statute of Limitations for this proceeding and it expired on September 9, 1989, extended to September 11, 1989 since September 9 was a Saturday. Petitioner's proceeding, not commenced until December 4, 1989, was therefore untimely.

The motion made by respondent in point of law on the ground of untimeliness was properly granted by Supreme Court and the petition was properly dismissed for that reason. The judgment appealed from should therefore be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.