■ In the Matter of GARY E. BOGLE, Respondent, v LOUIS F. MANN, as Superintendent of Shawangunk Correctional Facility, Appellant.—Levine, J. Appeal, by permission, from an order of the Supreme Court (McDermott, J.), entered May 10, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, annulled a determination of respondent with respect to the implementation of punishment imposed on petitioner at a prior hearing.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County and a former prisoner at Shawangunk Correctional Facility in Ulster County, was charged with various disciplinary violations between 1987 and 1989 and accumulated several disciplinary dispositions requiring his assignment to the special housing unit (hereinafter SHU). One such disciplinary disposition, dated January 18, 1989, directed that petitioner be confined to the SHU for "365 days to be added to the time now being served, begin 8/2/90, release 8/2/91". On January 23, 1989, respondent modified the disposition so that it would commence a year earlier on August 3, 1989, as certain dispositions applicable to the intervening period had been expunged. Hence, petitioner did not return to the general prison population on August 3, 1989.

On December 8, 1989, petitioner commenced this CPLR article 78 proceeding claiming, *inter alia,* that he was deprived of his liberty interest of returning to the general prison population until August 2, 1990, when his next disciplinary

disposition was scheduled to commence. Respondent moved to dismiss the petition on various grounds, including that the proceeding was barred by the Statute of Limitations. Supreme Court denied the motion and this appeal followed.

There should be a reversal. While we agree with Supreme Court that the four-month Statute of Limitations (CPLR 217) did not begin to run until petitioner received notice of respondent's determination *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834), we cannot agree that petitioner did not have such notice until August 3, 1989. By letters to respondent dated May 2, 1989 and June 15, 1989, petitioner demanded that his SHU time be recalculated and that he be released to the general prison population until August 2, 1990. In response, respondent sent petitioner a memorandum dated June 23, 1989 in which he set forth a breakdown of petitioner's SHU time and determined that he would remain in the SHU until October 19, 1990. That memorandum clearly put petitioner on notice of respondent's January 1989 dispositions and commenced the running of the Statute of Limitations *(see, Matter of Bogle v Mann,* 167 AD2d 721). Thus, this proceeding, not commenced until December 1989, was time barred.

Even assuming that petitioner did not receive notice of respondent's January 23, 1989 determination until August 3, 1989, the petition must nonetheless be dismissed as untimely. This proceeding was commenced on December 8, 1989 when the order to show cause and the petition were served on respondent *(see,* CPLR 304; *Matter of Harlem Riv. Consumers Coop. v State Tax Commn.,* 44 AD2d 738, *affd* 37 NY2d 877) and not, as Supreme Court found, on the date the petition was filed. As of December 8, 1989, the four-month limitations period had expired.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.