■ In the Matter of PHILIP EDWARDS, Appellant, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents. [595 NYS2d 158] —Judgment unanimously reversed on the law, motion denied and petition reinstated. Memorandum: Supreme Court erred in granting respondents' motion to dismiss the petition on the ground that it is barred by the applicable four-month Statute of Limitations *(see,* CPLR 217, 3211 [a] [5]). Respondents bore the burden of

establishing "the affirmative defense by prima facie proof that the Statute of Limitations had elapsed" *(Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822, 823; *see also, Siegel v Wank,* 183 AD2d 158, 159; *Doyon v Bascom,* 38 AD2d 645). Moreover, the Statute of Limitations did not begin to run until petitioner received notice of respondents' determination that was final and binding on petitioner *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834; *Matter of Bogle v Mann,* 175 AD2d 409, 410).

Here, respondents' proof failed to establish when petitioner received notice of the determination. The affidavit of respondents' attorney, asserting that petitioner was mailed a copy of the determination by the Superintendent on July 16, 1991, was not based on personal knowledge, constituted hearsay, and was insufficient to meet the threshold requirement in order to shift the burden to petitioner to "aver evidentiary facts establishing that the case at hand falls within [an exception to the statutory period]" *(Siegel v Wank, supra,* at 159, quoting *Hoosac Val. Farmers Exch. v AG Assets, supra,* at 823). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Denman, P. J., Green, Balio, Lawton and Davis, JJ.