■ In the Matter of RONNIE JAMES, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [651 NYS2d 940] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit inciting a demonstration and creating a disturbance. He challenges the determination of his guilt on the ground that it was not based upon substantial evidence. We disagree. Adduced in evidence against petitioner was the misbehavior report which related that petitioner had erroneously informed various inmates, on their way into and out of tier I disciplinary hearings, that the correction officers involved in the proceedings had failed to follow the appropriate procedural guidelines. This resulted in many of the inmates becoming argumentative and hostile toward the correction officers and culminated in a disturbance that took over two hours to resolve. Also in evidence at petitioner's disciplinary hearing was the testimony of the two correction officers who were present at the time of petitioner's conduct and who heard him imparting the erroneous information in question to other inmates.

This testimony, which was fully consistent with the narration set forth in the misbehavior report, was sufficient to constitute substantial evidence of petitioner's guilt (*see*, *Matter of Foster v Coughlin*, 76 NY2d 964, 966). To the extent that petitioner's testimony and that of his inmate witnesses conflicted therewith, such conflict presented an issue of credibility which lay within the province of the Hearing Officer to determine (*see*, *supra*).

We reject petitioner's assertions of error regarding the misbehavior report. The report contained a detailed recitation of the incident in question, providing petitioner with ample information to which to respond at the hearing (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). We have examined petitioner's remaining contentions and find them to be either without merit or unpreserved for our review.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.