■ In the Matter of JONATHAN ODOM, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [656 NYS2d 524] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two separate misbehavior reports with violating prison disciplinary rules prohibiting making threats and verbally harassing employees after he threatened to set a porter and a correction officer on fire. Following a disciplinary hearing, petitioner was found guilty of these charges. He commenced this CPLR article 78 proceeding challenging this determination on the grounds, *inter alia,* that it is not supported by substantial evidence, that he was denied the right to present certain documentary evidence and to have certain witnesses testify at the hearing, and that the Hearing Officer was biased.

Initially, we reject petitioner's claim that the determination is not supported by substantial evidence. The two correction officers who prepared the misbehavior reports testified at the hearing concerning the basis for the reports. The first stated that an inmate porter reported that petitioner had threatened to set him on fire when he attempted to serve petitioner his evening meal. The second stated that she went to see petitioner after the incident with the porter and petitioner threatened to set her or the porter on fire. She noted that petitioner was in possession of a lighter and some baby oil at the time. In our view, this testimony, which is consistent with the information contained in the misbehavior reports, constitutes substantial evidence supporting the administrative determination (*see, Matter of James v Coombe,* 234 AD2d 848).

Likewise, we find no merit to petitioner's claims that he was denied the right to present certain documentary evidence in his defense or that he was denied the right to have certain witnesses testify. The record discloses that documentation regarding petitioner's criminal arson conviction, a crime that petitioner claims was the subject of a conversation he had with another inmate which was mistakenly misunderstood as a threat by a correction officer, was considered by the Hearing Officer and made part of the record. Moreover, it is clear from the record that while a particular inmate originally agreed to testify for petitioner, he later refused and signed a refusal form disclosing his reasons, which were made known to petitioner (*see, Matter of Boyd v Selsky,* 232 AD2d 929, 930).

Lastly, we do not find that the Hearing Officer was biased. Although the Hearing Officer admonished petitioner a few times during the hearing and warned him that he could be

removed, this was done to maintain the order of the hearing because petitioner kept interrupting witnesses. Based upon our review of the hearing transcript, we find that the Hearing Officer conducted the hearing in a fair and impartial manner (*see, Matter of Robles v Coombe*, 234 AD2d 847). We have considered petitioner's remaining claims and find them either unpreserved for our review or lacking in merit.

Mikoll, Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.