■ In the Matter of WAIVA A. BULLOCK et al., Appellants, v ESSEX COUNTY BOARD OF SUPERVISORS et al., Respondents. [668 NYS2d 254] —Peters, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered May 7, 1997 in Essex County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Essex County Board of Supervisors denying petitioners' request to institute an action to rescind a quitclaim deed.

In 1938, the County purchased a 0.12-acre parcel of land on Lake George in the Town of Ticonderoga, Essex County, for use as a road to connect what was known as "Old Town Road" near the shore of the lake with a newly built road known, at such time, as "Baldwin Road". Petitioners allege that this parcel was used continuously by them since 1938 to gain access to Baldwin Road from their property. In 1995, the land surrounding this parcel was owned by Jeffrey Van Wert and Chattie Van Wert who were planning to sell a portion of their property, including the subject parcel, to respondent Edward D. Nadeau. Petitioners' property was adjacent to this portion of the Van Werts' land.

Nadeau's counsel, Michael Gallant, contacted the County Attorney to determine what rights, if any, the County retained in the subject parcel. Gallant represented, *inter alia*, that the parcel was "not used by third parties except rarely". A search of the real property records revealed that this parcel was, in fact, purchased in 1938 for use as a County road yet the County claimed that it was not improved, used as a public road, repaired or maintained by the County.

On December 4, 1995, at a regular meeting of respondent Essex County Board of Supervisors (hereinafter the Board), a resolution was approved authorizing the issuance of a quitclaim deed to convey the parcel to Jeffrey Van Wert. The deed was executed on January 5, 1996 allowing the proposed conveyance, including the subject parcel, to Nadeau. Thereafter, Nadeau blocked the road and denied access to petitioners. Petitioners claim that they first became aware of the resolution by the Board authorizing the issuance of a quitclaim deed on May 19, 1996.

On September 30, 1996 Rebecca Noble, on behalf of petitioner Waiva A. Bullock (hereinafter petitioner), appeared before the Ways and Means Committee of the Board to request rescission of the quitclaim deed. By letter dated October 22, 1996, petitioners' counsel reiterated that request and asked for its consideration at the Board's next regular meeting. The County Attorney, by letter dated October 30, 1996, advised that there was no basis to set aside the conveyance. Petitioners then commenced this proceeding on December 30, 1996 pursuant to CPLR article 78. Respondents successfully asserted that the proceeding was barred by the Statute of Limitations, thus prompting this appeal.

Upon our review of the record, we initially note that petitioners have established standing to challenge the Board's action (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761; *Matter of New York Assn. of Convenience Stores v Urbach*, 230 AD2d 338) both by their use of such parcel, its proximity to their land (*see,* Highway Law § 118-a) and by the direct injury they suffered, different in degree and kind from the general public. However, even considering the date on which petitioners claim that they first received notice of the conveyance (*see, Matter of Edmead v McGuire*, 67 NY2d 714; *Matter of Boxell v Cornell Univ.*, 181 AD2d 554; *Matter of Bogle v Mann*, 175 AD2d 409), we must conclude that the instant proceeding is time barred (*see,* CPLR 217 [1]) since it was not commenced until December 30, 1996.

With a request for reconsideration not constituting a toll thereof (*see, Matter of Lubin v Board of Educ.*, 60 NY2d 974, 976, *cert denied* 469 US 823) and the constitutional arguments by petitioners having been preserved for our review, we nonetheless dismiss these claims as time barred (*Dimiero v Livingston-Steuben-Wyoming County Bd. of Coop. of Educ. Servs.*, 199 AD2d 875, *lv denied* 83 NY2d 756; *Bitondo v State of New York*, 182 AD2d 948). We hereby affirm the dismissal of the petition.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs. [As amended by unpublished order entered Apr. 24, 1998.]