■ In the Matter of JOHN WARBURTON, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [674 NYS2d

481] —Appeal from a judgment of the Supreme Court (Harris, J.), entered January 24, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely.

On October 10, 1996, petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging the May 13, 1996* denial of his application to participate in a temporary work release program. Supreme Court dismissed the petition on the ground that the CPLR article 78 proceeding had not been commenced within four months from the date of the administrative determination and was therefore untimely. This appeal ensued.

There should be a reversal. It is well settled that the Statute of Limitations period does not begin to run until a petitioner receives notice of the final administrative determination, and not upon the issuance thereof (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834). Although the final determination was rendered May 13, 1996, petitioner claims in his brief that he did not receive notice of the final determination until "early June". Here, we find respondents' assertion that the Statute of Limitations began to run on the date the determination was issued, without more, to be insufficient to shift the burden of persuasion to petitioner to establish that his petition was timely. Based upon our review of the record, we find that Supreme Court erred in dismissing the petition as untimely (*see, id.*; *Matter of Edwards v Coughlin*, 191 AD2d 1044).

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition reinstated.

---

* Supreme Court incorrectly noted that petitioner was challenging a determination rendered May 23, 1996.