■ In the Matter of VINCENTE DEARMAS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [692 NYS2d 862] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 13, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as, *inter alia*, time barred.

Petitioner, a prison inmate, was arrested in April 1994 following his February 1993 release to parole supervision. He later pleaded guilty in October 1995 to the charges arising from this arrest. On December 1, 1995, respondent declared petitioner delinquent as a result of the April 1994 arrest and informed him that his sentence was to be recalculated and a new maximum expiration date set in accordance with this final declaration of delinquency. The recalculation itself was performed on December 4, 1995. Subsequently, in November 1997, petitioner wrote to respondent complaining that his sentence had been improperly recalculated. Respondent rejected petitioner's complaint in a November 20, 1997 letter. Thereafter, by petition sworn to February 6, 1998, petitioner commenced this CPLR article 78 proceeding challenging the recalculation of his sentence. Petitioner, however, failed to satisfy the service requirements set forth in an order to show cause signed on February 13, 1998 and an amended order to show cause signed on March 19, 1998. Upon respondent's motion, Supreme Court, *inter alia*, dismissed the petition as barred by the four-month Statute of Limitations set forth in CPLR 217. This appeal ensued.

We affirm. Even aside from petitioner's difficulties in properly effecting service, we note that petitioner does not dispute that he was notified of the recalculation in December 1995, over two years before he commenced this CPLR article 78 proceeding. It

is well settled that the Statute of Limitations period begins to run from the point the inmate receives notice of the adverse determination and not from the date of its issuance (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834; *Matter of Warburton v Department of Correctional Servs.*, 251 AD2d 831). Inasmuch as the proceeding was commenced more than two years after petitioner's receipt of notice, Supreme Court properly dismissed it as untimely. Petitioner's remaining arguments have been examined and found to be unpersuasive.

Cardona, P. J., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.