◾ In the Matter of ANTHONY BOTTOM, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [710 NYS2d 434] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 28, 1999 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as, *inter alia*, time barred.

In 1972, petitioner was convicted and sentenced for certain crimes committed in California. After serving a short period of time in a California prison, he was extradited to New York to stand trial for crimes committed in this State. As a result of his conviction of those crimes, petitioner was sentenced on May 12, 1975 to 25 years to life in prison. Prior to serving the New York sentence, he was sent back to California to continue serving his sentence imposed in that State and was paroled in September 1977. In November 1977, petitioner was returned to New York at which time he was committed to the custody of

the Department of Correctional Services and his parole eligibility date was established. He made no challenge to the calculation at that time.

In December 1998, petitioner wrote a letter to the New York City Department of Corrections seeking credit toward his sentence for time spent in its custody during the disposition of the New York charges. In March 1999, after receiving no response to the letter, he commenced this CPLR article 78 proceeding seeking, *inter alia,* the recalculation of his sentence based upon this credit. Supreme Court granted respondents' CPLR 3211 motion to dismiss the petition on the ground, *inter alia,* that it was time barred resulting in this appeal.

We affirm. Inasmuch as the parole eligibility date was established in November 1977 and petitioner waited more than 20 years from such time to commence this proceeding, it is barred by the four-month Statute of Limitations set forth in CPLR 217 (*see, Matter of Dearmas v New York State Div. of Parole,* 263 AD2d 709). We note that respondents have withdrawn their timeliness objection on appeal and urge this Court to remit the matter for service of an answer. Neither petitioner nor respondents have set forth a compelling argument for departure from our recent decision in *Matter of Dearmas v New York State Div. of Parole (supra)* which we find applicable to the facts herein. Therefore, we affirm Supreme Court's judgment.

Carpinello, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.