◼ In the Matter of ROBERT HOWARD, Appellant, v JOHN CA-HILL, as Commissioner of Environmental Conservation, et al., Respondents. [736 NYS2d 470] —Spain, J.P. Appeal from a judgment of the Supreme Court (Torraca, J.), entered November 21, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Environmental Conservation which, inter alia, found petitioner in violation of certain statutes and regulations and imposed a civil penalty.

On January 2, 1988, petitioner purchased property in the Town of Guilderland, Albany County, upon which the Amerada Hess Corporation had operated a gas station for the previous 25 years. In March 1988, petitioner had tightness tests performed on five underground gasoline storage tanks on the property and discovered that four of the tanks were leaking. Following an inspection, respondent Department of Environmental Conservation (hereinafter DEC) informed petitioner that moderate levels of contamination had been discovered and directed him to install monitoring wells on the site and to commence remedial action by June 6, 1988. Subsequent inspections indicated that the soil and groundwater contamination was increasing and, in November 1991, pursuant to an order on consent by which he admitted his unlawful failure to perform appropriate testing of the facility, petitioner had the leaking tanks removed.

In June 1993, petitioner executed a second order of consent acknowledging that he had "failed to contain and clean up the discharge of petroleum identified in March, 1988 as required, despite repeated notices from DEC," agreeing to investigate and remediate the petroleum contamination and stipulating to the payment of penalties should he violate the terms of the order. The 1993 consent order required petitioner to prepare a remediation plan calling for implementation by July 1, 1993 and that petitioner implement the plan within seven days of DEC's approval of said plan. Pursuant to the terms of the consent order, petitioner also agreed that his remediation plan would meet specific effluent standards based on weekly samplings.

Petitioner hired Applied GeoEnvironmental Services (hereinafter AGS) to prepare the required remediation plan. Respondents assert that DEC approved the plan—calling for a soil venting vapor extraction system to remove petroleum vapors

from the contaminated soil—and so informed AGS by telephone on August 3, 1993. On November 19, 1993, AGS informed DEC that, "[w]ith [agency] approval," it would be ready to proceed. AGS completed installation of the soil venting system on June 27, 1994.

Petitioner failed to monitor the system by not collecting and submitting any groundwater or system effluent data following the system's installation until, by letter dated March 27, 1996, DEC informed petitioner that he was in violation of the 1993 consent order. By September 1996, an investigation indicated that the contaminant plume had migrated off the site and DEC then directed petitioner to provide a plan to hydraulically control the contaminant plume. Petitioner did not submit a plan to DEC for approval but hired another consultant, Rowan Environmental Services (hereinafter Rowan), to install a "pump and treat" remedial system. In the fall of 1998, Rowan sent DEC the "pump and treat" plan which was already operating on the site and DEC responded by indicating that additional measures would be required. No such measures were ever implemented and, between February 1, 1999 and June 23, 1999, samples were taken from the site on four separate occasions and each sample indicated that the limitations for discharge set forth in the 1993 consent order had been exceeded.

DEC thereafter commenced an enforcement proceeding—seeking an order without hearing—asserting that petitioner had violated the 1993 consent order, exceeded the water quality standards required by 6 NYCRR part 703, violated the provisions of the Navigation Law prohibiting the discharge of petroleum (Navigation Law § 173) and requiring the timely containment and cleanup of any petroleum discharge (Navigation Law § 176). DEC also claimed that petitioner violated ECL 17-0501 and 17-0803 (prohibiting the discharge of pollutants into state waters without a permit) and the regulations promulgated thereunder and it sought a penalty of $75,000. Following oral argument and a review of the documentation submitted, the Administrative Law Judge (hereinafter ALJ) determined that DEC's motion for an order without hearing should be granted and recommended imposing a penalty of $50,000, which respondent Commissioner of Environmental Conservation adopted.

Petitioner then commenced this CPLR article 78 proceeding seeking a declaration that the summary order was procedurally unlawful, arbitrary and capricious, and an abuse of discretion, and seeking to have the matter remitted to DEC for a full adjudicatory hearing. Supreme Court dismissed the petition

finding "sufficient agreed facts to warrant the conclusions reached." Petitioner appeals.

The issue before this Court is whether respondents' determination that DEC was entitled to a summary order was arbitrary and capricious or lacked a rational basis (see, Matter of Conley v Ambach, 61 NY2d 685, 687; Matter of 310 S. Broadway Corp. v McCall, 275 AD2d 549, 550, lv denied 96 NY2d 701). "A contested motion for order without hearing will be granted if, upon all the papers and proof filed, the cause of action or defense is established sufficiently to warrant granting summary judgment under the CPLR in favor of any party" (6 NYCRR 622.12 [d]). Under CPLR 3212, the party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). Once such a showing is made, the party opposing the motion must produce admissible evidentiary proof to show the existence of a material issue of fact requiring a trial (see, Zuckerman v City of New York, 49 NY2d 557, 562; see also, 6 NYCRR 622.12 [e] ["The motion (for order without hearing) must be denied * * * if any party shows the existence of substantive disputes of facts sufficient to require a hearing"]). Thus, respondents' determination must be upheld unless the record reveals some triable issue of material fact in dispute.

The challenged determination found that petitioner violated the 1993 consent order and state law prohibiting the discharge of pollutants into state waters based on his "failure to timely install a remediation system that addresses the petroleum contamination at [the site] and by discharging pollutants in excess of applicable groundwater standards." Petitioner does not dispute that the levels of pollutants found in the groundwater exceed state requirements and the thresholds set forth in the order of consent. Instead, he asserts that he was entitled to an adjudicatory hearing to resolve several disputed issues of fact which he contends are material to establishing both his liability and the propriety of the assessed penalty. We disagree.

With respect to petitioner's argument that an issue of fact exists as to whether the "pump and treat" hydraulic system that he implemented in 1997 is exempt from state groundwater discharge limitations under DEC's Technical and Operational Guidance Series (hereinafter TOGS) regulations, we note that respondents assert—and petitioner does not dispute—that TOGS exemptions require advance approval from DEC. Notably, petitioner never claimed that his hydraulic system was ap-

proved at the administrative level and, indeed, the affidavit of the consultant who designed and implemented the system makes it apparent that no such approval was obtained. Thus, we conclude that respondents did not err in concluding that no triable issue of fact exists regarding the applicability of a TOGS exemption. Indeed, even if petitioner could establish that the system was entitled to a TOGS exemption, that would not alter his obligation to meet the discharge limitations set forth in the 1993 consent order which were, without question, grossly exceeded.

The remaining contested issues of fact set forth by petitioner—including that DEC failed to establish that the soil venting system was installed in violation of the time limits set forth in the consent order—are irrelevant to respondents' conclusion that petitioner violated both the 1993 consent order and state law by exceeding the applicable groundwater discharge limitations. However, because respondents apparently relied, in part, on petitioner's failure to timely implement the soil ventilation system in assessing the penalty, we must determine whether petitioner is correct in asserting that a triable issue of fact exists as to when, if ever, DEC approved the system triggering the seven-day period in which petitioner was required to implement the system under the 1993 consent order.

Respondents submitted sworn testimony by a DEC employee that DEC's approval of the soil ventilation system was communicated to petitioner's consultant by telephone on August 3, 1993. Petitioner failed to offer any evidence to controvert this assertion, submitting only the affidavit of his consultant merely stating that while he did not specifically recollect the verbal approval, he had "no reason to question" the testimony of the DEC employee. We find this insufficient to raise a question of fact on this issue. We also reject petitioner's argument that a question of fact exists whether notice of approval of the soil venting plan had to be given in writing or to him personally inasmuch as the 1993 consent order contains no such requirements. Thus, respondents appropriately found that, as a matter of law, petitioner failed to implement the soil venting system within the time frame established by the 1993 consent order.

We also reject petitioner's contention that respondents acted arbitrarily in imposing the $50,000 penalty without first giving him the benefit of an adjudicatory hearing. Petitioner correctly points out that, even where liability is appropriately decided without a hearing, a hearing is warranted when a triable issue

of fact exists regarding the amount of civil penalties to be imposed (*see*, 6 NYCRR 622.12 [f]). Here, however, petitioner fails to identify any issue of fact necessitating a hearing.

In accordance with DEC's penalty policy, the ALJ, in a detailed and well-reasoned analysis, balanced the appropriate factors in determining the penalty, including the nature of the harm caused by the violation and petitioner's culpability, voluntary cooperation, history of noncompliance and ability to pay. Petitioner contends that consideration of these factors requires resolution of factual issues, arguing that he was not responsible, in the first instance, for the contamination on his property, he attempted, in good faith, to comply with DEC's demands, insufficient evidence exists that the contamination had increased and DEC was in part responsible for the delay in addressing the problem.

We reject petitioner's argument that he successfully raised an issue of fact as to whether the contamination had worsened, given the undisputed evidence that the contaminate plume migrated during petitioner's possession of the property. With regard to the remaining issues, we note that to the extent they present disputed issues of fact, the ALJ—appropriately, given the summary nature of the order—considered them in the light most favorable to petitioner (*see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178, 182; *Boyce v Vazquez*, 249 AD2d 724, 726). The ALJ credited petitioner's claim that he had attempted to comply with DEC's directives and recognized that petitioner, as merely a subsequent owner of the land, did not reap any economic benefit from allowing the pollution to continue. The countervailing factors which the ALJ considered, such as petitioner's repeated failure to comply with DEC mandates in a timely fashion, were, as discussed above, established as a matter of law. Accordingly, respondents did not err in imposing a penalty without an adjudicatory hearing and, given that the penalties stipulated in the order of consent far exceeded those actually imposed, we find that the imposition of a $50,000 penalty was not arbitrary or capricious (*cf., Matter of Vito v Jorling*, 197 AD2d 822, 824).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.