■ In the Matter of ANTHONY BOTTOM, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [764 NYS2d 667] —Rose, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 12, 2002

in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents calculating petitioner's jail time credit.

In February 1972, petitioner was convicted of weapons charges in California and sentenced to a prison term of one year to life. In December 1972, while serving his California sentence, petitioner was extradited to New York to stand trial for two counts of murder committed in this state. Following his convictions for those crimes, petitioner was sentenced, on May 12, 1975, to concurrent indeterminate prison terms of 25 years to life. Prior to serving these sentences, however, petitioner was returned to California to complete the sentence imposed in that state. It was not until September 1977, when petitioner was paroled on the California gun possession charge, that he was returned to New York to begin the sentences imposed in this state.

In February 1998, petitioner timely commenced (96 NY2d 870 [2001], *revg* 273 AD2d 724 [2000]) the current CPLR article 78 proceeding, seeking a credit towards his current New York sentences for the almost 2½ years he spent in custody between his December 1972 extradition to this state and his May 1975 return to California. Ultimately, Supreme Court dismissed the petition, resulting in this appeal by petitioner.

Because petitioner is serving a life sentence, his argument that he is entitled to a jail time credit of 2½ years could only affect his sentence by advancing his parole eligibility date. We are informed by the Attorney General, however, that petitioner has now served his minimum period of imprisonment and appeared before the Parole Board in July 2002. Accordingly, petitioner's argument in this regard has been rendered moot (*see Matter of Burgos v Goord*, 246 AD2d 833 [1998], *lv denied* 91 NY2d 814 [1998]). Any remaining contentions have been examined and are lacking in merit.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.