■ In the Matter of JOSEPH SEGUIN, Respondent, v WILLIAM J. FRASER, as Commissioner of City of New York Department of Correction, et al., Appellants. [781 NYS2d 73]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered October 11, 2002, which granted the petition, brought pursuant to CPLR article 78, and determined that petitioner was entitled to additional jail time credit, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

Petitioner was arrested on February 23, 1998 in New York County. He was subsequently arrested for another crime on November 20, 1998 in Westchester County. Petitioner spent various amounts of time in and out of county jail in both New York and Westchester Counties awaiting disposition of his respective criminal actions.

Eventually, petitioner pleaded guilty to attempted robbery in the first degree in Westchester County and was sentenced on November 3, 1999 to a determinate term of 3½ years. Petitioner was transferred to state custody and was credited with 264 days of jail time against this sentence.

Subsequently, on March 1, 2000, petitioner pleaded guilty to bribery in the third degree in New York County and was sentenced to an indeterminate term of 1 to 3 years, to run consecutively to the Westchester County sentence. Several days later, petitioner was transferred to state custody.

Petitioner then made a request for jail time credit of 237 days towards the New York County sentence. He claimed that since he had been detained on both the New York County and Westchester County indictments, he was entitled to a credit against both sentences.

On July 30, 2001 respondent New York City Department of Correction gave him credit for an additional 100 days, which, according to the petition, was credited against his New York County sentence, but declined to grant any additional credit on the ground that petitioner was not entitled to a double credit for jail time which had already applied against the Westchester County sentence.

Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking additional jail time credit against his New York County sentence. Again, the Department of Correction maintained that petitioner was not entitled to double jail time credit. The IAS court found that the Penal Law "mandates credit against the New York County sentence as well."

We reverse. The issue on appeal is not the number of days petitioner seeks to have credited to his jail time, but rather how the jail time credit is to be applied pursuant to Penal Law § 70.30 (3). A defendant is entitled to credit for time spent in custody prior to sentencing. When prison sentences run concurrently, credit for jail time shall be applied against each sentence (*see* Penal Law § 70.30 [3] [a]; *see also People v Richardson*, 100 NY2d 847, 852 n [2003]). However, in the case of multiple sentences set to run consecutively, jail time credit is applied against the aggregate minimum period of imprisonment and the aggregate maximum term of the sentences (*see* Penal Law § 70.30 [3] [b]).

Here, the time period that petitioner requested to be credited against his New York County sentence had already been credited against his Westchester County sentence. While petitioner would have been entitled to the requested relief had his sentences been set to run concurrently (*see* Penal Law § 70.30 [3] [a]), that is not the case here. A determination to grant petitioner credit against both sentences would run afoul of section 70.30 (3) (b) of the Penal Law, because that statute entitles petitioner to credit only against the aggregate sentence (*see Matter of Kintz v Coughlin*, 175 AD2d 670 [1991], *lv denied* 78 NY2d 862 [1991]). Accordingly, the IAS court erred in granting petitioner's request for additional jail time to be credited against his New York County sentence. Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.