■ In the Matter of CHRISTOPHER EDWARDS, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [802 NYS2d 519]—

Mugglin, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered February 19, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating petitioner's parole eligibility date.

On May 20, 1993, when petitioner was sentenced in Queens County to a prison term of 1½ to 4½ years, he had already been incarcerated on the underlying charge for 694 days (one year, 10 months and 29 days). On July 20, 1993, when petitioner was received by the Department of Correctional Services (hereinafter DOCS), his parole eligibility and maximum expiration dates were properly calculated by crediting the 694 days against both the minimum and maximum sentences (*see* Penal Law § 70.30 [3]). As a result, petitioner's parole eligibility date was February 20, 1993, five months prior to his transfer to the custody of DOCS.

Subsequently, on September 9, 1993, petitioner was sentenced in New York County to three concurrent prison terms—the

longest of which was 12½ to 25 years—to be served consecutively to the Queens County sentence. The minimum and maximum terms of the New York County sentences, imposed simultaneously, are calculated by using the longest sentence (*see* Penal Law § 70.30 [1] [a]). Also, as the New York County sentence is to be served consecutively with the Queens County sentence, Penal Law § 70.30 (1) (b) requires that the minimum and maximum terms of both sentences be added to calculate the aggregated minimum and maximum sentences. Here, because petitioner had already served more than the minimum of his Queens County sentence when he was sentenced in New York County, DOCS used only the 12½ years to determine petitioner's parole eligibility date of March 8, 2006. There is no merit to petitioner's claim that he should again receive credit for the 694 days of jail time against the minimum term of his New York County sentence (*see Matter of Seguin v Fraser*, 10 AD3d 284, 285 [2004]). Moreover, Penal Law § 70.30 (3) specifically provides that the credit to be given against the minimum period of imprisonment under an indeterminate sentence, among other things, shall not include any time credited against any previously imposed sentence to which the person is subject. Petitioner's remaining arguments are similarly meritless.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.