■ In the Matter of TIMOTHY FLETCHER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [826 NYS2d 807]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 11, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services calculating the length of petitioner's term of imprisonment.

Between February 1983 and February 1990, petitioner was sentenced three times to varying terms of imprisonment, released to parole supervision three times and returned to prison for parole violations three times. His third sentence—the longest—was for concurrent terms of 15 years to life as a persistent felony offender. It is apparent that petitioner's parole eligibility date was miscalculated by the Department of Correctional Services as March 27, 2002 rather than October 3, 1998 and that petitioner was, therefore, not paroled the third time until the later date. Nevertheless, petitioner's claims with respect to the calculation of his jail time credit and time served credit are moot as such credits are applied against the minimum period of incarceration (*see* Penal Law § 70.30 [1], [3]; *Matter of Dillard v Annucci*, 30 AD3d 917, 919 [2006]; *Matter of Edwards v Travis*, 22 AD3d 899, 900 [2005], *appeal dismissed* 6 NY3d 772 [2006]; *Matter of Bottom v Goord*, 308 AD2d 663, 664 [2003], *lv denied* 1 NY3d 505 [2003]) and he has already served more than 15 years. In addition, as petitioner was released to parole supervision in March 2002 and was returned to prison in February 2003 after violating the terms of his parole, any claim with respect to his parole eligibility date is also moot (*see Matter of Burgos v Goord*, 246 AD2d 833 [1998], *lv denied* 91 NY2d 814 [1998]). Finally, the Attorney General informs us that, in August 2005, the Department corrected its error. Thus, petitioner has been credited with all the time to which he is entitled.

Petitioner's remaining contentions have been considered and determined to be without merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.