In the Matter of CARL JACKSON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 144]—

Appeal from a judgment of the Supreme Court (O'Shea, J.), entered January 24, 2008 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Following a tier III disciplinary hearing, petitioner was found guilty of creating a disturbance, unhygienic acts, interference with an employee and destruction of state property. That determination was upheld upon administrative review and, thereafter, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition on the ground that it was untimely, prompting this appeal. We now affirm on different grounds.

Initially, we find that Supreme Court erred in dismissing the petition as untimely. The statute of limitations period did not begin to run until petitioner received notice of the final administrative determination and respondent bore the burden of establishing that date and, further, that the proceeding was commenced more than four months thereafter (*see Matter of Chrysler v Goord*, 49 AD3d 1342, 1343 [2008]; *Matter of Warburton v Department of Correctional Servs.*, 251 AD2d 831, 832 [1998]; *Matter of Edwards v Coughlin*, 191 AD2d 1044, 1044-1045 [1993]). Here, respondent alleges that petitioner received the determination on June 20, 2007, which would have rendered his petition, entered October 25, 2007, untimely. However, the record demonstrates only that petitioner signed for two documents on that date, neither of which can be definitively identified as the determination in question. As such, we conclude that respondent failed to meet its burden and the petition should not have been dismissed as untimely.

Turning to the substance of petitioner's contentions, we cannot say that, in light of petitioner's continued argumentative and disruptive behavior, the Hearing Officer erred in removing him from the hearing (*see Matter of Jackson v Fischer*, 59 AD3d 820, 820-821 [2009]; *Matter of Applewhite v Goord*, 49 AD3d 1046, 1047 [2008]). Similarly, the record does not indicate, despite the fact that petitioner was removed, that the Hearing Officer failed to conduct the hearing in a fair and impartial manner, or that the determination flowed from any bias (*see Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]; *Matter of Odom v Goord*, 238 AD2d 816, 818 [1997]).

Petitioner's remaining arguments have been examined and found to be without merit.

Peters, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.