■ In the Matter of EDWARD CHAMPAGNE JR. et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [904 NYS2d 237]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Muller, J.), entered April 6, 2009 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner U-Save Tire, Inc. is a waste tire storage facility located in the Town of Plattsburgh, Clinton County on property owned by petitioner Edward Champagne Jr., who is also a shareholder of the corporation and the managing operator of the facility. After it was determined that the facility, which housed over 200,000 tires, was in violation of petitioners' solid waste management permit, they entered into a consent agreement with respondent on July 6, 2004 for the abatement of the tires. The consent order required petitioners to reduce the number of tires at the facility to below 25,000 and operate in full compliance with their permit.

On December 28, 2006, respondent notified petitioners by letter that their performance under the consent order was deficient and, therefore, the facility had been placed on the state contractor cleanup list. Thereafter, amid ongoing negotiations between the parties about the abatement of the remaining tires, petitioners requested a hearing regarding the alleged violation of the consent order and, finally, by letter dated August 26, 2008, respondent notified petitioners that it was denying their request for a hearing. In response, petitioners commenced this CPLR article 78 proceeding on November 25, 2008 to challenge the denial of the requested hearing and, thereafter, respondent moved to dismiss the petition for untimeliness. Following a hearing, Supreme Court granted the motion and dismissed petitioners' application, and this appeal ensued.

We reverse. We find the instant proceeding to be timely, inasmuch as it was commenced within four months of the deter-

mination sought to be reviewed, namely, respondent's August 26, 2008 denial of petitioners' request for a hearing to determine whether they had violated the July 2004 consent order (*see* CPLR 217 [1]; *Matter of Jackson v Fischer,* 67 AD3d 1207, 1208 [2009]; *Matter of Newton v Town of Middletown,* 31 AD3d 1004, 1007 [2006]). In so finding, we reject respondent's contention, and the conclusion of Supreme Court, that petitioners here seek to challenge the consent order itself. Petitioners were unequivocal, both in the petition and during the hearing, that the determination they seek to challenge is respondent's denial of a hearing to determine whether they had violated the consent order.

Furthermore, we reject respondent's contention that no hearing was required to determine whether the consent order had been violated (*see generally Matter of Howard v Cahill,* 290 AD2d 712, 713 [2002]; *Matter of Delford Indus. v New York State Dept. of Envtl. Conservation,* 171 AD2d 941, 941-942 [1991]). While the regulations permit the granting of a motion for an order without a hearing, the record does not demonstrate that respondent served upon petitioners notice of such motion or compiled the required supporting documentation (*see* 6 NYCRR 622.12 [a]). Moreover, such motion may not be granted unless "upon all the papers and proof filed, the cause of action or defense is established sufficiently to warrant granting summary judgment under the CPLR" (6 NYCRR 622.12 [d]; *see Matter of Howard v Cahill,* 290 AD2d at 714). Here, where the consent order specifically calls for petitioners to reduce the number of waste tires at the facility to below 25,000, and petitioners submitted documentation suggesting that, as of October 2006, there were less than 14,000 waste tires remaining, we find an issue of fact exists that would prevent the grant of an order without a hearing. Likewise, we reject respondent's assertion that petitioners waived their right to a hearing on the matter, inasmuch as the hearing waiver contained in the consent order clearly refers to an initial hearing to determine whether petitioners were in violation of their permit in 2004.

The parties' remaining contentions have been examined and found to be without merit or academic in light of our holding.

Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and motion denied.