■ In the Matter of CLIFTON K. WILLIAMSON, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [948 NYS2d 162]—

Appeal from an order and judgment of the Supreme Court (McDonough, J.), entered April 5, 2011 in Albany County, which,

---

in a proceeding pursuant to CPLR article 78, among other things, directed respondents to produce certain records for in camera review.

Petitioner commenced this proceeding challenging, among other things, the denials of two separate Freedom of Information Law (hereinafter FOIL) requests, both dated December 27, 2009, which sought records relating to, among other things, his participation in the Family Reunion Program operated by the Department of Corrections and Community Supervision (hereinafter DOCCS). The first of these requests was directed to the Auburn Prison Records Access Office and the second was directed to the Assistant Records Officer for DOCCS. Following joinder of issue, Supreme Court issued an "order and judgment" which ordered respondents to produce certain records referenced in both the Auburn and DOCCS FOIL requests so that the court could conduct an in camera inspection prior to determining the FOIL requests. The court also dismissed the remainder of the petition to the extent that it, among other things,* sought other relief, such as petitioner's request for appointment of counsel and imposition of sanctions. This appeal by petitioner ensued.

Initially, we note that petitioner's objection to that part of Supreme Court's order and judgment directing respondents to produce certain documents in response to his two FOIL requests for in camera inspection is not properly before us, inasmuch as that aspect of the order and judgment is nonfinal and, therefore, not appealable without permission (see CPLR 5701 [b] [1]; see e.g. Matter of Bogle v Mann, 175 AD2d 409 [1991]). Accordingly, that aspect of petitioner's appeal must be dismissed.

We have examined petitioner's remaining arguments directed toward the remainder of the petition on the merits and find them to be unpersuasive.

Peters, P.J., Lahtinen, Spain, Kavanagh and Garry, JJ., concur. Ordered that the appeal from that part of the order and judgment as directed an in camera inspection of documents is dismissed, without costs. Ordered that that part of the order and judgment dismissing the petition is affirmed, without costs.

---

* Although petitioner had originally also challenged in the petition the adverse results of a tier II disciplinary proceeding against him, that claim was rendered moot after the underlying determination was expunged and Supreme Court dismissed that part of the proceeding with petitioner's consent.