■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. MORRIS WEISS, Appellant, v THEODORE REID, as Superintendent of the Fishkill Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County, dated August 17, 1977, as failed to set forth his earliest release date. Judgment affirmed insofar as appealed from, without costs or disbursements. The appellant calculates his earliest possible release date as October or December, 1977, while respondents calculate the date as November 26, 1978. The appellant mistakenly attributes the difference to the respondents' failure to credit him with certain jail time to which he was entitled. That time was, in fact, credited to the appellant. The problem actually arises because the appellant has incorrectly chosen May 23, 1974,

the date of imposition of an indeterminate four-year sentence in the Supreme Court, Bronx County, as his starting point when he should have used July 10, 1975, the date on which a sentence of up to seven years was imposed on the appellant in the Supreme Court, Queens County. The seven-year sentence is controlling under section 70.30 (subd 1, par [a]) of the Penal Law, since that is the concurrent term "which has the longest unexpired time to run" (cf. *Matter of Kalamis v Smith,* 42 NY2d 191, 196). Respondents correctly base their determination on the date on which that sentence was imposed since the appellant was presumably already in the custody of a State correctional facility at that time. Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.