■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CALLAHAN, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered October 23, 1985, convicting defendant upon his plea of guilty of the crimes of criminal possession of stolen property in the first degree and vehicular assault.[1]

Based on a motor vehicle accident which occurred on January 3, 1985, defendant was charged in a five-count indictment with the crimes of vehicular assault in the second degree (two

1. As added by the Laws of 1983 (ch 298, § 1). Effective November 1, 1985, the crime was designated vehicular assault in the second degree and an aggravated crime of vehicular assault in the first degree was added (L 1985, ch 507, §§ 1, 2).

counts), operating a motor vehicle while under the influence of alcohol in violation of both Vehicle and Traffic Law § 1192 (2) and (3), and operating a motor vehicle without a license. In a separate indictment arising out of events which occurred on March 9, 1985, defendant was charged with the crimes of criminal possession of stolen property in the first degree, unauthorized use of a motor vehicle in the third degree and unlawfully dealing with a child. Subsequently, pursuant to plea negotiations, defendant pleaded guilty to one count of vehicular assault in the second degree and to criminal possession of stolen property in the first degree in full satisfaction of the above indictments. At the time defendant pleaded guilty, the victim of the vehicular assault was in a coma due to the injuries she sustained as a result of the assault. Subsequent to the plea, the victim died and defendant was then indicted for vehicular manslaughter[2] *(see,* CPL 40.20 [2] [d]; *People v Rivera,* 60 NY2d 110). This appeal ensued.

Defendant's primary contention on appeal is that the judgment should be vacated since at the time he pleaded guilty, neither County Court or his attorney informed him that he could subsequently be prosecuted for another crime arising out of the same incident. Accordingly, defendant asserts that he was denied effective assistance of counsel and that his plea was not voluntary, as he was not fully apprised of the consequences of his guilty plea.[3] If defendant is able to establish his factual assertion, he would be entitled to have the judgment of conviction vacated. However, the record on appeal does not contain any evidence concerning defendant's assertions, which are more properly raised in a proceeding pursuant to CPL article 440 *(see, People v Martin,* 52 AD2d 988, 989). As there is no evidence in the instant record concerning defendant's assertions, there is no basis for granting defendant the relief he requests on direct appeal. The judgment is therefore affirmed without prejudice to defendant's commencement of a proceeding pursuant to CPL article 440.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ In the Matter of Colleen A. Burke, Respondent, v Wil-

2. As added by the Laws of 1983 (ch 298, § 2). *See,* Laws of 1985 (ch 507, §§ 3, 4).

3. The District Attorney concedes that the "vehicular assault plea does establish many of the elements of the vehicular manslaughter charge, and the People would merely have to prove the death of the victim, and that the death was causally connected to the accident".