■ The People of the State of New York, Respondent, v Ronald Latham, Appellant. [652 NYS2d 328] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 28, 1995, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

On May 18, 1990, defendant assaulted Marie Shambeau by stabbing and strangling her. As a consequence, defendant was charged in a two-count indictment with the crimes of attempted murder in the second degree and assault in the first degree. Pursuant to plea negotiations, defendant pleaded guilty to attempted murder in the second degree and was sentenced to an indeterminate term of incarceration of $7^1/_2$ to $22^1/_2$ years. Subsequent to defendant's conviction, Shambeau died and defendant was then indicted for murder in the second degree (*see,* CPL 40.20 [2] [d]; *People v Rivera,* 60 NY2d 110). Following a jury trial, at which the People used the factual admissions made by defendant during the plea allocution, defendant was found guilty of manslaughter in the first degree and sentenced to an indeterminate term of imprisonment of $8^1/_3$ to 25 years.

On this appeal, defendant asserts that because he was never advised that his plea allocution could be used against him in a subsequent murder trial, such use of the allocution constituted reversible error. We agree.

It is now quite clear that to effectively waive the privilege against compulsory self-incrimination, a defendant must fully understand the direct consequences of his guilty plea (*see, Boy-*

*kin v Alabama*, 395 US 238, 242-244). We cannot envision a more direct consequence of a plea than the use of a defendant's factual admissions during the plea allocution at a subsequent murder trial arising out of the same transaction. Indeed, we acknowledged as much in *People v Callahan* (126 AD2d 837), wherein the defendant, having pleaded guilty to vehicular assault, was thereafter indicted for vehicular manslaughter upon the death of the victim.* Accordingly, the judgment must be reversed and a new trial had.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Rensselaer County for a new trial.

---

* We affirmed the conviction in *People v Callahan* (*supra*) because the record on appeal did not contain any evidence concerning the defendant's assertions that County Court failed to inform him that he could subsequently be prosecuted for another crime arising out of the same transaction. Here, on the other hand, the record contains the minutes of the plea allocution in the prior criminal proceeding, which make plain that defendant was never so advised.