■ SARATOGA HARNESS RACING, INC., Respondent, v E. GUY ROEMER, Doing Business as ROEMER AND ASSOCIATES, Appellant. [736 NYS2d 811] —Spain, J. Appeals (1) from an order of the Supreme Court (Malone, Jr., J.), entered December 14, 2000 in Albany County, which granted plaintiff's motion to strike defendant's answer, and (2) from an order of said court, entered May 17, 2001 in Albany County, which denied defendant's motion for recusal.

Plaintiff commenced this action against its former attorney seeking monetary damages for legal fees that it claimed were improperly charged. A discovery dispute arose between the parties which resulted in a Supreme Court order, dated September 15, 1999, directing defendant to comply with plaintiff's outstanding discovery requests within 30 days of service of a copy of the order with notice of entry. Defendant appealed the September 1999 order and a subsequent order of the same court denying reargument and/or renewal and denying a stay of enforcement of the September 1999 order. Supreme Court thereafter granted a stay of both orders pending this Court's determination. On appeal, we modified the

been discovered and remedied in the exercise of reasonable care and diligence."

September 1999 order insofar as it compelled discovery of defendant's tax returns and financial records and otherwise affirmed both orders (274 AD2d 887). Defendant's subsequent motion to this Court for leave to appeal to the Court of Appeals was denied.

Defendant, however, continued to refuse to produce the court-ordered materials prompting plaintiff to move to strike defendant's answer and for judgment by default based on defendant's continuing, willful failure to disclose. Defendant opposed the motion on the ground that defendant should not have to pay the copying costs associated with the production of the materials, an objection not previously made in connection with plaintiff's discovery demands or on defendant's prior appeal. Finding defendant's failure to comply with the September 1999 order to have been willful and the issue of costs to have been waived, Supreme Court issued a decision in December 2000, conditionally granting plaintiff's motion unless defendant produced the disputed discovery items within 30 days, and directing defendant to pay the copying costs. After unsuccessfully seeking a stay of the December 2000 order from Supreme Court, defendant complied with the court-ordered discovery, bearing the copying costs.

Thereafter, defendant moved to disqualify the Trial Judge from further involvement in this action on the basis of alleged connections between the Judge and James Featherstonhaugh, a principal in the firm representing plaintiff, which Supreme Court denied. Defendant now appeals from both the December 2000 order and the order denying the motion to disqualify.

Turning first to defendant's appeal from the order conditionally granting plaintiff's motion to strike defendant's answer for willful failure to disclose,* we note that "[i]t is well settled that a trial court has 'broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action'" (*Getman v Petro*, 266 AD2d 688, 690, quoting *Geary v Hunton & Williams*, 245 AD2d 936, 938). Moreover, "[w]here a party refuses to comply with a valid discovery demand, the type and degree of the sanction imposed by the trial court will not be disturbed absent a clear abuse of the court's discretion" (*Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 287 AD2d 866, 870; see, *Young v Knickerbocker Arena*, 281 AD2d 761, 763).

---

* We reject plaintiff's argument that this appeal is moot in light of defendant's compliance with the September 1999 order inasmuch as defendant is entitled to seek recovery of the expenses connected with producing the materials.

Here, in light of the fact that defendant continued to refuse to comply with the court-ordered discovery after this Court issued its decision (274 AD2d 887, *supra*), we find ample support in the record for Supreme Court's finding that defendant's failure to disclose was willful. Moreover, the court acted within its discretion in holding that defendant waived any objection to paying the discovery costs in light of defendant's failure to previously raise the issue. In any event, when defendant imposed its eleventh hour objection to paying the costs of photocopying, plaintiff suggested an immediate conference before the court to settle the dispute—an offer apparently ignored by defendant. Accordingly, we find no abuse of discretion in the court's decision to conditionally grant plaintiff's motion contingent on defendant's compliance with the prior discovery order and payment of the associated costs.

Likewise, Supreme Court acted within its discretion in denying defendant's recusal motion. "Absent a legal disqualification * * * a Judge is generally the sole arbiter of recusal * * *" (*Matter of Murphy*, 82 NY2d 491, 495 [citations omitted]; *see, Matter of De Ruzzio v De Ruzzio*, 288 AD2d 725, 726; *Kovach v Hurlburt*, 288 AD2d 727, 729; *Marini Bldr. v Rao*, 263 AD2d 846, 847-848), and a court's recusal decision will not be overturned absent an abuse of discretion (*see, People v Moreno*, 70 NY2d 403, 406). Moreover, defendant's unsupported claim of bias is insufficient to require recusal (*see, Marini Bldr. v Rao, supra* at 848).

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the orders are affirmed, with costs.