■ In the Matter of RONALD J. LATHAM, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [745 NYS2d 136] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 10, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Correctional Services computing petitioner's conditional release and maximum sentence expiration dates.

In 1991, petitioner was convicted upon his plea of guilty of the crime of attempted murder in the second degree and was sentenced to an indeterminate prison term of 7½ to 22½ years. Petitioner was received by respondent Department of Correctional Services (hereinafter DOCS) on February 1, 1991. Shortly thereafter, the victim of the crime died of her injuries, and petitioner was subsequently prosecuted for murder in the second degree under the "delayed death" exception to New York's statutory double jeopardy prohibition (see, CPL 40.20 [2] [d]). Petitioner was convicted after a jury trial of manslaughter in the first degree and, on July 28, 1995, sentenced to a concurrent indeterminate prison term of 8⅓ to 25 years. This Court ultimately affirmed the conviction and sentence (*People v Latham*, 249 AD2d 693).* After filing an unsuccessful grievance regarding DOCS' computation of his controlling release dates, petitioner commenced this CPLR article 78 proceeding challenging DOCS' determination. Supreme Court dismissed the petition, resulting in this appeal.

On this pro se appeal, petitioner contends that his conditional release and maximum expiration dates should reflect credit for the time he served between 1991 and 1995. We disagree. Under the Penal Law, where a person is under concurrent indeterminate sentences, time served under any of the sentences is to be credited against the minimum periods of all the sentences (see, Penal Law § 70.30 [1] [a]). However, "[t]he maximum term or

---

* The trial court dismissed the indictment for murder in the second degree on double jeopardy grounds, but this Court reversed (*People v Latham*, 188 AD2d 5, *affd* 83 NY2d 233). Subsequently, after petitioner was convicted of manslaughter in the first degree, this Court reversed on the basis that petitioner's guilty plea to the attempted murder charge could not be used against him at the murder trial (*People v Latham*, 234 AD2d 864, *revd* 90 NY2d 795). After the Court of Appeals reversed that determination, this Court affirmed the conviction (*People v Latham*, 249 AD2d 693, *supra*).

terms * * * shall merge in and be satisfied by discharge of the term which has the longest unexpired time to run" (*id.*). In this case, the 1995 sentence is controlling (*see, People ex rel. Weiss v Reid*, 65 AD2d 560, 561). Therefore, DOCS correctly credited petitioner's time served from 1991 to 1995 against the minimum period of the 1995 sentence to arrive at his parole eligibility date and properly refused to credit that time against the maximum 25-year term of that sentence for purposes of calculating his conditional release and maximum expiration dates. As Penal Law § 70.30 (3) does not allow the time served on petitioner's previously imposed 1991 sentence to be credited against the maximum term of his 1995 sentence (*see, People ex rel. Dabbs v Kuhlmann*, 257 AD2d 817, 818), we find no error in DOCS' computation.

Moreover, petitioner's contentions regarding the unconstitutionality of Penal Law § 70.30 as applied to him are unpersuasive. CPL 40.20 (2) (d) specifically allows for a second prosecution arising out of the same criminal transaction under the circumstances presented in petitioner's case. Where the statutory requirements have been met, "it is irrelevant that the crime charged in the prior prosecution is based on the same act or transaction" (*People v Rivera*, 60 NY2d 110, 115). Petitioner's sentences were imposed for two separate offenses arising from the same act and were properly concurrent (*see,* Penal Law § 70.25 [2]). Accordingly, since the sentencing statutes were appropriately applied and petitioner's initial appearance before the parole board will not be delayed, the double jeopardy prohibition against multiple punishments for the same offense is not implicated (*compare, Wilson v State of N.C.,* 438 F2d 284 [4th Cir]).

Likewise, we find no merit to petitioner's contention that the Trial Judge should have recused himself from this proceeding. As petitioner commenced this proceeding to challenge DOCS' computation of his release dates, not to contest the validity of the sentence itself, the Trial Judge's past prosecution of petitioner is an unrelated matter which did not require disqualification under Judiciary Law § 14 (*see, People v Moreno,* 70 NY2d 403, 406). Barring a legal disqualification, "a Judge is generally the sole arbiter of recusal" (*Matter of Murphy*, 82 NY2d 491, 495) and "a court's recusal decision will not be overturned absent an abuse of discretion" (*Saratoga Harness Racing v Roemer*, 290 AD2d 928, 930). As the record here demonstrates no support for petitioner's claim of bias, we find insufficient grounds to require recusal (*see, id.* at 930).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.