■ In the Matter of HERBERT T. JONES, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [758 NYS2d 855] —Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 19, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Correctional Services calculating the length of petitioner's term of imprisonment.

In April 1993, petitioner was convicted upon his plea of guilty of sexual abuse in the first degree and was sentenced to a period of five years' probation. Petitioner then pleaded guilty to a probation violation following his October 7, 1993 arrest for, inter alia, burglary in the first degree and he was sentenced to a prison term of 1 to 3 years. Following his indictment on charges stemming from his October 1993 arrest, petitioner entered a plea of guilty of burglary in the first degree and assault in the second degree and was sentenced to concurrent prison terms aggregating 8 to 16 years. Petitioner was received by respondent Department of Correctional Services (hereinafter DOCS) on December 9, 1993.

In calculating petitioner's minimum sentence on these concurrent sentences (*see* Penal Law § 70.25 [1] [a]), DOCS credited petitioner with 66 days of jail time served prior to being received by DOCS on the probation violation, as well as time served on the probation violation prior to his subsequent sentencing on the burglary and assault convictions (*see* Penal

Law § 70.30 [1]). To determine petitioner's maximum sentence, DOCS credited him with the 66 days of jail time, but did not credit the time served for the probation violation. Petitioner commenced this CPLR article 78 proceeding to challenge the calculation of his maximum sentence. Supreme Court dismissed the petition as meritless and petitioner appeals.

We affirm. Despite petitioner's claim to the contrary, DOCS's calculation of petitioner's maximum sentence properly did not include credit for time served on the probation violation prior to sentencing on the subsequent burglary and assault convictions (*see* Penal Law § 70.30 [3]; *Matter of Latham v New York State Dept. of Correctional Servs.*, 296 AD2d 675, 676 [2002], *appeal dismissed* 99 NY2d 531 [2002], *lv denied* 99 NY2d 508 [2003]; *People ex rel. Dabbs v Kuhlmann*, 257 AD2d 817, 818 [1999]). Accordingly, the petition in this matter was properly dismissed.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.