THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL BLEIWAS, Appellant, v COMMISSIONER OF CORRECTIONAL SERVICES, Respondent. [797 NYS2d 604]—

Peters, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 20, 2004 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Following his 1990 conviction upon his plea of guilty to second degree assault, petitioner was sentenced, in absentia, to a prison term of 2⅓ to 7 years. In 1999, petitioner was separately indicted and convicted of second degree assault and third degree burglary, receiving concurrent sentences of 2⅓ to 7 years and one year, respectively. After serving two years, five months and 26 days of his 1999 sentences, petitioner was paroled in February 2002, but rearrested one month later after respondent discovered that petitioner, who had been using numerous

aliases, birthdates and birthplaces throughout his stay in the correctional system, had failed to serve his sentence for the 1990 conviction.

Respondent issued petitioner various credits for time already served for prior periods of incarceration, including a "prior time credit" reflecting his incarceration for the 1999 indeterminate sentence and applied to his 1990 $2^1/_3$-year minimum sentence pursuant to Penal Law § 70.30 (1) (a). Petitioner was subsequently remanded to respondent's custody to commence serving the undischarged prison term stemming from the 1990 conviction. Thereafter, petitioner applied to Supreme Court for habeas corpus relief, arguing that respondent was statutorily obligated to apply the prior time credit against his undischarged 1990 maximum prison term and, had respondent done so, he would have realized that petitioner's maximum expiration date occurred in 2003, not October 2005, as respondent's computation currently reflects. Supreme Court dismissed the petition, petitioner appeals and we affirm.

For purposes of determining parole eligibility, Penal Law § 70.30 (1) (a) provides that inmates serving concurrent indeterminate sentences may receive credit against the minimum terms of those sentences for any time served thereunder (*see Matter of Latham v New York State Dept. of Correctional Servs.*, 296 AD2d 675, 675-676 [2002]; *People ex rel. Ternaku v Lefevre*, 58 AD2d 932, 932 [1977]; *see also People v Richardson*, 100 NY2d 847, 850, 852 n [2003]). Contrary to petitioner's assertions, there is no requirement, nor was there one under the Penal Law in operation at the time petitioner's 1990 sentence was imposed, that this credit be applied against his maximum prison term as well. Then, as now, maximum terms of imprisonment are satisfied only "by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1]˙ [a]). In this regard, petitioner's claim that respondent's computation had the effect of converting the minimum and maximum components of his indeterminate 1990 sentence into two consecutive terms totaling in excess of nine years is unfounded and based upon a fundamental misunderstanding of the meaning of these terms within the Penal Law's sentencing provisions (*see e.g.* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.30, at 327-330). Inasmuch as we discern no error in respondent's calculation of petitioner's conditional release and maximum expiration dates and conclude that he received all of the credits to which he was entitled, we decline to disturb Supreme Court's judgment. We have examined petitioner's remaining arguments, including his contention that Supreme

Court improperly issued its ruling without considering his reply papers, and determined that they are equally meritless.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.