■ In the Matter of HAROLD DILLARD, Also Known as JASON BLACKETT, Appellant, v ANTHONY J. ANNUCCI, as Deputy Commissioner and Counsel of the Department of Correctional Services, et al., Respondents. [817 NYS2d 741]—

Carpinello, J. Appeal from an amended judgment of the Supreme Court (Lamont, J.), entered January 14, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying petitioner's request for a recalculation of the length of the term of his imprisonment.

Petitioner was convicted on November 10, 1987 of criminal possession of a weapon in the third degree and was sentenced to $1\frac{1}{3}$ to 4 years in prison. On December 14, 1987, he was received by the Department of Correctional Services (hereinafter DOCS) and credited with 75 days that he spent in jail from September 30, 1987 until December 13, 1987. At that time, DOCS determined that petitioner's initial parole eligibility date was January 28, 1989, his maximum expiration date was September 28, 1991 and his earliest conditional release date was May 28, 1990.

On May 16, 1990, he was convicted of assault in the first degree and two counts of criminal possession of a weapon in the second degree, and was sentenced to an aggregate term of imprisonment of 9 to 27 years. Then, on October 31, 1990, he was convicted of attempted murder in the second degree and was sentenced to $8\frac{1}{3}$ to 25 years in prison, retroactive to May 16, 1990 and to run concurrently with the 9 to 27-year sentence. As a result of his 1990 convictions, DOCS recomputed his release dates and determined that his new parole eligibility date was September 28, 1996, his maximum expiration date was March 1, 2015 and his earliest conditional release date was November 1, 2006. After petitioner's requests for a recalculation of his release dates were denied, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court concluded that DOCS properly calculated petitioner's release dates and it dismissed the petition. Petitioner appeals.

Contrary to petitioner's claim, we find no error in DOCS' computation of his release dates following his 1990 convictions. Initially, we note that petitioner's 1987, May 1990 and October

1990 indeterminate sentences all ran concurrently with one another.[1] Pursuant to Penal Law § 70.30 (1) (a), where a person is serving multiple indeterminate sentences that run concurrently, the time served in prison under any of the sentences shall be credited against the minimum periods of all the concurrent indeterminate sentences. Accordingly, petitioner was entitled to credit for the time served on his 1987 conviction against the longest minimum sentence, which was nine years, imposed in connection with his May 1990 conviction. Applying such credit from the date that petitioner was received by DOCS, December 14, 1987, results in a parole eligibility date of September 28, 1996, as properly determined by DOCS.

Petitioner's maximum term of incarceration, however, is computed differently. Unlike his minimum term of incarceration, there is no credit for prison time served unless it is in connection with the charge that culminated in the sentence (see Penal Law § 70.30 [3]). Moreover, Penal Law § 70.30 (1) (a) provides that "the maximum . . . terms of the indeterminate sentences . . . shall merge in and be satisfied by discharge of the term which has the longest unexpired time to run." Here, the controlling maximum term would be the 25-year sentence imposed in October 1990 but made retroactive to May 16, 1990 and counted from that date.[2] Taking into consideration the 75 days of jail time that petitioner served prior to his 1987 conviction, his maximum expiration date would be March 1, 2015 and, when his possible good-time credit is considered, his earliest conditional release date would be November 1, 2006, as properly determined by DOCS. We find no merit to petitioner's claim that he is entitled to credit against his 25-year maximum term for the 29 months he spent in prison on his 1987 conviction, as such credit is not authorized by Penal Law § 70.30 (3) or any other statute (see Matter of Jones v New York State Dept. of Correctional Servs., 305 AD2d 891, 891-892 [2003], appeal dismissed 100 NY2d 613 [2003]; Matter of Latham v New York State Dept. of Correctional Servs., 296 AD2d 675, 676 [2002], appeal dismissed 99 NY2d 531 [2002], lv denied 99 NY2d 508 [2003]). Therefore, Supreme Court properly dismissed the petition.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the amended judgment is affirmed, without costs.

---

1. By operation of law, the 1990 sentences ran concurrently with the 1987 sentence (see Penal Law § 70.25 [1] [a]).

2. The aggregate 27-year maximum term imposed in connection with petitioner's May 1990 convictions was reduced to 20 years by operation of Penal Law former § 70.30 (1) (c) (i).