In the Matter of Gregory Deary, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [820 NYS2d 369]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered November 22, 2005, in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

On November 4, 1992, petitioner was sentenced as a youthful offender to 1 to 3 years in prison upon his conviction of attempted robbery in the second degree. He was received by the Department of Correctional Services (hereinafter DOCS) on November 20, 1992 and credited with 25 days of jail time. On December 17, 1993, following his conviction of manslaughter in the first degree, petitioner was sentenced to a concurrent term of $8^{1}/_{3}$ to 25 years in prison. Crediting the time that petitioner served in prison from November 20, 1992 to December 17, 1993, DOCS determined that his parole eligibility date was February 24, 2001. DOCS did not apply this credit in calculating

petitioner's maximum expiration and conditional release dates, which it determined were November 21, 2018 and July 21, 2010, respectively. Petitioner filed a grievance challenging DOCS' computation, which was denied by the Central Office Review Committee. He then commenced this CPLR article 78 proceeding, which was dismissed by Supreme Court. Petitioner now appeals.

Petitioner asserts that the credit applied in calculating his parole eligibility date should also have been applied in computing his maximum expiration and conditional release dates. We disagree. While Penal Law § 70.30 (1) (a) provides that persons serving multiple concurrent indeterminate sentences shall receive credit for prison time served under such sentences against the minimum periods of all sentences, it does not provide for application of the same credit against the maximum terms of imprisonment (*see Matter of Dillard v Annucci*, 30 AD3d 917, 919 [2006]; *People ex rel. Bleiwas v Commissioner of Correctional Servs.*, 19 AD3d 899, 900 [2005]; *Matter of Latham v New York State Dept. of Correctional Servs.*, 296 AD2d 675, 675-676 [2002], *appeal dismissed* 99 NY2d 531 [2002], *lv denied* 99 NY2d 508 [2003]). Rather, the maximum terms of imprisonment are satisfied only "by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1] [a]). Accordingly, inasmuch as DOCS properly computed petitioner's maximum expiration and conditional release dates, we find no reason to disturb its determination.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.