[824 NYS2d 464]

# In the Matter of WILLIAM K. WALKER et al., Respondents, v ROBERT DENNISON, as Chair of the Board of Parole, Appellant.

Third Department, November 16, 2006

APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* New York City (*Robin A. Forshaw* of counsel), for appellant.

*Robert C. Newman, The Legal Aid Society,* New York City, for respondents.

**OPINION OF THE COURT**

Rose, J.

Upon their respective unrelated convictions, petitioners each received an indeterminate sentence on a drug-related crime that was significantly longer than the concurrent indeterminate sentence which each received on a non-drug-related crime. After serving more than the maximum prison terms originally imposed for their non-drug-related crimes, being released on parole and continuing thereon without revocation for at least three years, petitioners applied to the Division of Parole for termination of their sentences pursuant to Executive Law § 259-j (3-a). This statute provides that "[t]he division of parole must grant termination of sentence after three years of unrevoked parole to a person serving an indeterminate sentence for [certain specified drug-related crimes]." Respondent, however, denied petitioners' applications on the ground that their non-drug-related sentences had merged in the longer original terms of their drug-related sentences pursuant to Penal Law § 70.30 (1) (a), causing petitioners to continue to be subject to their non-drug-related sentences. Petitioners then brought this CPLR article 78 proceeding to terminate their sentences. Supreme Court granted their petition and respondent appeals.

The parties agree that the legislative history of Executive Law § 259-j (3-a) sheds no light on its applicability here, and that this provision does not directly affect non-drug-related sentences. Contending instead that it has always understood the effect of the merger provided in Penal Law § 70.30 (1) (a) to be that the maximum term of the shorter indeterminate sentence is extended to that of the longer, respondent argues that regardless of the effect of Executive Law § 259-j (3-a) on the length of their drug-related sentences, petitioners continue to be subject to parole on their merged non-drug-related sentences. We cannot agree.

"Where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001] [citations omitted]; *see Rubin v City Natl. Bank & Trust Co. of Gloversville*, 131 AD2d 150, 152 [1987]). Further, the interpretation of Executive Law § 259-j (3-a) and Penal Law § 70.30 (1) (a) present questions of pure statutory analysis, and respondent's interpretation is entitled to little deference because it has not been shown to depend upon any special agency expertise (*see Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]; *Matter of Palminteri v Lex Fire Protection Corp.*, 23 AD3d 745, 746 n [2005]). By its plain language, Executive Law § 259-j (3-a) applies where, as here, an individual is serving an indeterminate sentence on a qualifying drug felony and has been on unrevoked parole for at least three years. This provision does not state or imply that it is limited to situations where no concurrent non-drug-related sentence was imposed. Thus, it applies here and terminates petitioners' drug-related sentences. The question then becomes whether the remaining non-drug-related sentences, which have merged beyond their original maximum terms, continue despite the termination of the concurrent drug-related sentences.

Penal Law § 70.30 (1) (a) provides that "[t]he maximum . . . terms of the indeterminate sentences . . . shall merge in and be satisfied by discharge of the term which has the longest unexpired time to run." While this statute does merge the maximum terms of petitioners' drug-related and non-drug-related sentences, the language relevant here is its final phrase, providing that the merged terms "shall . . . be satisfied by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1] [a]). Since each petitioner's "longest unexpired term" is his drug-related sentence and termination of that sentence is mandated by Executive Law § 259-j (3-a), his non-drug-related sentence is "satisfied by discharge" of the drug-related sentence. Accordingly, Supreme Court correctly granted the petition.

MERCURE, J.P., CREW III, SPAIN and MUGGLIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.