■ In the Matter of LISTON G. NOBLE, JR., Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [827 NYS2d 886]—Lahtinen, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 31, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request to recalculate the expiration date of his sentence.

On April 10, 1996, petitioner began serving a New York prison term of $4^{1}/_{2}$ to 9 years for criminal possession of a controlled substance in the third degree which was to run concurrently with a prison term that he was serving in Maryland. By this CPLR article 78 proceeding, petitioner challenged the maximum

expiration date of his New York sentence which respondent calculated to be April 4, 2005.*

At the time that petitioner began serving his concurrent sentences, his New York sentence had the longest unexpired time to run; to wit, 8 years, 11 months, 25 days. Respondent correctly computed petitioner's maximum expiration date at April 4, 2005 and his conditional release date at April 4, 2002 (*see* Penal Law § 70.30; *People ex rel. Bleiwas v Commissioner of Correctional Servs.*, 19 AD3d 899, 900 [2005]; *Matter of Latham v New York State Dept. of Correctional Servs.*, 296 AD2d 675, 675-676 [2002], *appeal dismissed* 99 NY2d 531 [2002], *lv denied* 99 NY2d 508 [2003]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner had five days of jail-time credit when he began serving his New York sentence on April 10, 1996.