■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WINDHAM, Appellant. [831 NYS2d 193]—Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated May 11, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that he was not a sex offender within the meaning of the Sex Offender Registration Act (hereinafter SORA) because he was not incarcerated on a sex crime or on probation or parole with regard to a sex crime on the date SORA became effective, January 21, 1996, is unpreserved for appellate review and, in any event, is without merit (*see* L 1995 ch 192 § 3; Correction Law §§ 168-f, 168-g [1], [2]; former Penal Law § 70.30 [1] [a]; *People v Ramirez,* 89 NY2d 444, 450 [1996]; *cf. People v Smith,* 73 NY2d 961 [1989]; *Matter of Walker v Dennison,* 36 AD3d 89 [2006]; *Matter of Dillard v Annucci,* 30 AD3d 917, 918-919 [2006]; *Matter of Latham v New York State Dept. of Correctional Servs.,* 296 AD2d 675, 675-676 [2002]).

In the absence of evidence of circumstances warranting a departure from the presumptive risk level, the court did not improvidently exercise its discretion in declining to depart (*see People v Maiello,* 32 AD3d 463 [2006]; *People v Inghilleri,* 21 AD3d 404, 405-406 [2005]; *cf. People v Abdullah,* 31 AD3d 515, 516 [2006]).

The defendant's claim that the People failed to prove certain facts by clear and convincing evidence is unpreserved for appellate review, and his claims that his adjudication violated due process are without merit (*see People v Flowers,* 35 AD3d 690 [2006]; *People v Bligen,* 33 AD3d 489, 489-490 [2006]). Crane, J.P., Rivera, Goldstein and Carni, JJ., concur.