■ PEOPLE OF THE STATE OF NEW YORK ex rel. MARIANO ORDONEZ, Respondent, v WARDEN OF RIKERS ISLAND CORRECTIONAL FACILITY et al., Appellants. [830 NYS2d 153]—

Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about September 29, 2005, which granted the petition for a writ of habeas corpus and terminated petitioner's sentence, unanimously affirmed, without costs.

Even though he had been sentenced to an aggregate term of six years to life upon his 1986 conviction of the class A-II felony of criminal sale of a controlled substance in the second degree and his prior (1981) conviction of robbery in the second degree, petitioner was entitled to the benefits of Executive Law § 259-j (3-a), which requires the Division of Parole to terminate the sentence of a person serving an indeterminate term for a class

A felony offense defined in article 220 of the Penal Law after three years of unrevoked parole. Contrary to respondents' position, section 259-j (3-a) "does not state or imply that it is limited to situations where no concurrent non-drug-related sentence was imposed" (*Matter of Walker v Dennison*, 36 AD3d 89, 91 [2006]). This interpretation should apply as well to the aggregate consecutive sentencing scheme (Penal Law § 70.30 [1] [b]). Once the sentence for the class A-II felony is terminated, as required by the statute, petitioner is left with a sentence on the robbery conviction, which he has served.

We have considered respondents' remaining contentions and find them unavailing. Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.