■ In the Matter of the Claim of ALFRED JONES, Appellant, v MIRON LUMBER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [837 NYS2d 436]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 27, 2006, which ruled that claimant is not entitled to further compensation pursuant to Workers' Compensation Law § 15 (3) (v).

Claimant was found to have a permanent partial disability and awarded workers' compensation benefits at a weekly rate for 156 weeks. When that time expired, and while also receiving Social Security disability benefits, he applied for additional benefits under Workers' Compensation Law § 15 (3) (v). When the Workers' Compensation Board held that claimant became ineligible for such additional compensation after he turned 62 years of age, he appealed.

Workers' Compensation Law § 15 (3) (v), in pertinent part, provides that "additional compensation . . . shall cease on the date the disabled employee *receives or is entitled to receive* old-age insurance benefits under the social security act" (emphasis added). Generally, an individual is eligible for old-age benefits if (1) he or she is at least 62 years old, (2) he or she has sufficient Social Security earnings to be fully insured and (3) he or she applies for such benefits (*see* 42 USC § 402 [a]; 20 CFR 404.310).

Claimant argues that Workers' Compensation Law § 15 (3) (v) should be interpreted to refer to full old-age benefits, to which he would not be entitled until he reached 65 years of age, and he points to earlier Board precedent which applied that interpretation. More recent Board decisions, however, have repudiated that interpretation and clarified the Board's view that benefits under this section terminate when a claimant reaches the minimum retirement age of 62 (*see Carey Lathing*, 2004 WL 203866, 2004 NY Wrk Comp LEXIS 6894 [Jan. 20, 2004]; *Pfaudler Co.*, 2003 WL 21406691, 2003 NY Wrk Comp LEXIS 83415 [June 13, 2003]; *Joseph Bisceglia & Sons, Inc.*, 2002 WL 31026283, 2002 NY Wrk Comp LEXIS 95598 [Sept. 3, 2002]; *City of New York*, 2002 WL 1961820, 2002 NY Wrk Comp LEXIS 95135 [Aug. 16, 2002]); *Homestead Dairies Inc.*, 2001 WL 1638157, 2001 NY Wrk Comp LEXIS 97909 [Dec. 10, 2001]).

Giving effect to the usual and commonly understood meaning of the language used in Workers' Compensation Law § 15 (3) (v) (*see Matter of Orens v Novello*, 99 NY2d 180, 185-186 [2002]; *Matter of Walker v Dennison*, 36 AD3d 89, 91 [2006]), we agree with the Board that the term "entitled" as used in that section means "eligible," that is, having the necessary qualifications to receive old-age benefits. Significantly, the statute does not

specify that the benefits to which the claimant is entitled be full rather than partial. Thus, we read the statute to mean that compensation benefits cease once a claimant either receives or is eligible to receive old-age Social Security benefits. Pursuant to 20 CFR 404.310, claimant was eligible to receive old-age Social Security benefits when he turned 62.

Although claimant also argues that he was not eligible to apply for old-age benefits at age 62 because he was receiving Social Security disability benefits, he had a choice to either discontinue disability benefits and receive old-age benefits (*see* 20 CFR 404.407 [c]) or continue disability benefits until they converted to old-age benefits at age 65 (*see* 20 CFR 404.310 [c]). Thus, he was not precluded from receiving old-age benefits after he turned 62 (*see Carey Lathing, supra*; *City of New York, supra*), and the Board properly found that his additional compensation benefits ceased after that age. We have considered claimant's remaining arguments and find them to be unpersuasive.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.