■ In the Matter of MEL SWEENEY, Respondent, v ROBERT DENNISON, as Chair of the Board of Parole, Appellant. [858 NYS2d 845]—

Peters, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered June 7, 2007 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to terminate his sentence.

In April 2003, petitioner was convicted of criminal sale of a controlled substance in the third degree, a class B felony, and sentenced to a prison term of 2 to 6 years. Thereafter, he was granted presumptive release pursuant to Correction Law § 806 and released from prison in May 2004. In June 2006, following more than two years of unrevoked presumptive release, petitioner sought termination of his sentence from respondent, which respondent denied.

Petitioner then commenced this CPLR article 78 proceeding seeking to compel respondent to terminate his sentence. Supreme Court, upon concluding that Executive Law § 259-j

(3-a) was applicable to periods of unrevoked presumptive release as well as unrevoked parole, granted the petition. Respondent now appeals.

Respondent contends that, by its plain language, Executive Law § 259-j (3-a) is applicable only to parolees, not those who have been released pursuant to other programs. When confronting an issue of statutory interpretation, our primary objective is to " 'ascertain and give effect to the intention of the [L]egislature' " (*Riley v County of Broome*, 95 NY2d 455, 463 [2000], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a], at 177; *accord Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). To that end, "[t]he statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d at 660; *see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001]; *Riley v County of Broome*, 95 NY2d at 463; *Matter of Walker v Dennison*, 36 AD3d 89, 91 [2006]; *Matter of Ciccarelli v New York State Div. of Parole*, 35 AD3d 1107, 1108 [2006], *lv denied* 8 NY3d 806 [2007]). Where, as here, the issue presented is one of pure statutory interpretation, little deference is accorded to the interpretation of the administrative agency, as no special competence or expertise is implicated (*see Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d at 660; *Matter of Walker v Dennison*, 36 AD3d at 91). Nonetheless, we agree with respondent that the applicability of Executive Law § 259-j (3-a), as its plain meaning indicates, is limited to parolees alone.

Turning to the statute at issue, Executive Law § 259-j (3-a) provides: "The division of parole must grant termination of sentence after three years of unrevoked parole to a person serving an indeterminate sentence for a class A felony offense defined in article two hundred twenty of the penal law, and must grant termination of sentence after two years of unrevoked parole to a person serving an indeterminate sentence for any other felony offense defined in article . . . two hundred twenty-one of the penal law." Petitioner asserts that presumptive releases (*see generally* Correction Law § 806) must be included within the ambit of Executive Law § 259-j (3-a). However, it is beyond dispute that throughout Executive Law article 12-B, the Legislature consistently distinguished between the various forms of supervised release from prison—i.e., presumptive release, supervised release from prison and postrelease supervision—and this is particularly true of Executive Law § 259-j. Generally, " '[t]he failure of the Legislature to include a matter

within a particular statute is an indication that its exclusion was intended' " (*People v Tychanski*, 78 NY2d 909, 911-912 [1991], quoting *Pajak v Pajak*, 56 NY2d 394, 397 [1982]; *see People v Hernandez*, 98 NY2d 8, 10 [2002]; *People v Finnegan*, 85 NY2d 53, 58 [1995], *cert denied* 516 US 919 [1995]; McKinney's Cons Laws of NY, Book 1, Statutes § 74). Clearly, if the Legislature had intended to include presumptive releases within the embrace of Executive Law § 259-j (3-a), it would have done so. We reject petitioner's assertion that this is a case of legislative inadvertence where we must cure an omission in order to prevent inconsistency, unreasonableness or unconstitutionality in the statute (*see People v Tychanski*, 78 NY2d at 911-912; McKinney's Cons Laws of NY, Book 1, Statutes § 363).

Accordingly, Supreme Court erred in failing to apply the clear and unambiguous language of the statute and the judgment must be reversed and the petition dismissed.

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.