11-1272-pr
Robinson v. Connell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand twelve.

PRESENT:  ROBERT D. SACK,
                  REENA RAGGI,
                          *Circuit Judges*,
                  LAURA TAYLOR SWAIN,
                          *District Judge*.[*]

-----------------------------------------------------------------------

EDDIE ROBINSON,

                          *Plaintiff-Appellant*,

                  v.                                                     No. 11-1272-pr

SUSAN CONNELL, Superintendent, Oneida Correctional Facility, DAVID DEBEJIAN, MRS. DIGNEAN, MR. HULIHAN, FRANK MARLENGA, MRS. MUNCY,

                          *Defendants-Appellees*,

G. LAWRENCE DILLON, Assistant Attorney General, THOMAS EAGAN, Director of C.O.R.C. of Correction,

                          *Defendants*.

-----------------------------------------------------------------------

_____

[*] Judge Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          Eddie Robinson, *pro se*, East Elmhurst, New York.

FOR APPELLEES:          Frank Brady and Nancy A. Spiegel, Assistant Solicitors General, Barbara D. Underwood, Solicitor General, *for* Eric. T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*; Andrew T. Baxter, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 23, 2011, is AFFIRMED.

Eddie Robinson appeals from an award of summary judgment to defendants and denial of summary judgment in his favor in this 42 U.S.C. § 1983 action for unlawful detention. Robinson alleges that defendants improperly calculated the date of his release from New York State prison following five separate convictions and numerous violations of parole between 1989 and 2007. We review an award of summary judgment <u>de novo</u>, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. <u>See</u> <u>Nagle v. Marron</u>, 663 F.3d 100, 104–05 (2d Cir. 2011). Where, as here, a plaintiff proceeds <u>pro se</u>, we afford his submissions special solicitude. <u>See</u> <u>Sledge v. Kooi</u>, 564 F.3d 105, 109 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

For the reasons stated in the thorough and well reasoned opinions of both the district court and the magistrate judge, we conclude that defendants properly calculated Robinson's release date. See Robinson v. Connell, 9:05-cv-1428 (GLS/ATB), 2011 WL 1103771, at *1–2 (N.D.N.Y. Mar. 23, 2011); Robinson v. Connell, 9:05-cv-1428 (GLS/ATB), 2010 WL 6268444, at *7–12 (N.D.N.Y. Sept. 8, 2010). Robinson conceded below that, just prior to his April 28, 2000 sentence of three to six years for grand larceny, defendants had correctly calculated that he still owed approximately fourteen months on his 1991 and 1992 sentences, yielding a maximum expiration date for those sentences of June 26, 2001. Thus, in running his 2000 sentence concurrently with the prior sentences, defendants properly determined that the six-year maximum term of the 2000 sentence "ha[d] the longest unexpired time to run," N.Y. Penal Law § 70.30(1)(a); see Deary v. Goord, 32 A.D.3d 1074, 1075, 820 N.Y.S.2d 369, 370 (3d Dep't 2006), and therefore correctly adjusted Robinson's maximum expiration date to April 27, 2006 (six years after the imposition of the 2000 sentence).[1] See Latham v. N.Y.S. Dep't of Corr. Serv., 296 A.D.2d 675, 675–76, 745 N.Y.S.2d 136, 138 (3d Dep't 2002) (commencing concurrent sentence from date of imposition). Robinson's contention that the 2000 sentence should have concurrently started from 1992 is wholly meritless as a matter of state law and, therefore, cannot support his federal claim.[2]

---

[1] Robinson's maximum expiration date was subsequently advanced to July 21, 2007 because of four separate parole violations occurring in 2000, 2001, and 2007.

[2] The concurrent application of Robinson's 2000 sentence pursuant to Justice Dowling's September 2006 amended commitment order not only afforded Robinson the benefit of avoiding fourteen months' imprisonment from his 1991 and 1992 sentences, but

Because Robinson failed to raise below his contention that the 2000 sentence was based on an invalid indictment, we decline to consider that argument on appeal. See Wright v. Goord, 554 F.3d 255, 272 (2d Cir. 2009). To the extent that Robinson argued before the district court that defendants violated his procedural due process rights, he has not raised that issue in his brief on appeal, and we deem it abandoned. See Pabon v. Wright, 459 F.3d 241, 247 (2d Cir. 2006). In any event, his procedural due process claim is meritless for the reasons stated by the district court.

We have considered Robinson's remaining arguments and conclude they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

also enabled him to avoid any incremental imprisonment from his 2002 sentence of one-and-a-half to three years for criminal possession of a controlled substance.