*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                517009
_____

In the Matter of WILLIE BROWN,
                    Appellant,

        v                                MEMORANDUM AND ORDER

CRAIG D. APPLE, as Albany
    County Sheriff, et al.,
                    Respondents.
_____


Calendar Date:  June 9, 2014

Before:  Garry, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____


        Willie Brown, Marcy, appellant pro se.

        Thomas Marcelle, County Attorney, Albany (Adam G. Giangreco
of counsel), for Craig D. Apple, respondent.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for Richard Desimone, respondent.

_____


        Appeal from a judgment of the Supreme Court (Teresi, J.),
entered April 18, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Albany County
Sheriff calculating petitioner's jail time credit.

        On August 31, 1989, petitioner was sentenced to 1 to 3
years in prison upon his conviction of assault in the second
degree.  In September 1989, he was received into the custody of
the Department of Corrections and Community Supervision
(hereinafter DOCCS), which calculated his maximum expiration date
to be June 2, 1992.  Petitioner was released to parole
supervision on June 4, 1990.  On April 4, 1991, he was arrested

on multiple charges and, on May 10, 1991, he was taken into the custody of respondent Albany County Sheriff.  The Division of Parole did not declare petitioner delinquent or initiate revocation proceedings following his arrest.

Petitioner subsequently was convicted of rape in the first degree, robbery in the second degree and two counts of sodomy in the first degree and, on March 29, 1993, was sentenced to an aggregate term of 32½ to 65 years in prison, which was reduced by operation of law to 25 to 50 years.  On May 17, 1993, petitioner was received into DOCCS' custody to serve time for these convictions.  At that time, the Sheriff gave petitioner 742 days of jail time credit for the time that he spent in local custody from April 15, 1991 to April 18, 1991 and from May 10, 1991 to May 16, 1993.  This resulted in a maximum expiration date of May 4, 2041 and a parole eligibility date of May 4, 2016.  Upon inquiry by DOCCS many years later, the Sheriff recomputed petitioner's jail time credit and did not include the time spent in local custody from April 15, 1991 to April 18, 1991 and from May 10, 1991 to June 2, 1992, totaling 394 days, because this time had been counted toward the time that petitioner served in connection with his 1989 conviction.  Accordingly, the Sheriff issued an amended jail time certificate giving petitioner 348 days of jail time credit.  This resulted in a new maximum expiration date of May 28, 2042 and a new parole eligibility date of May 28, 2014.  Petitioner then commenced this CPLR article 78 proceeding challenging the computation of his jail time credit. Following service of respondents' answers, Supreme Court dismissed the petition and petitioner now appeals.

Penal Law § 70.30 (3) specifically provides that jail time credit "shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence . . . to which the person is subject."  As petitioner was not declared delinquent as a result of his arrest for the 1993 crimes, the time he spent in local custody was credited toward the sentence then remaining on his 1989 conviction until such sentence expired by its own terms on June 2, 1992, the maximum expiration date.  Pursuant to the cited statute, petitioner was not entitled to have this time also

credited against his 1993 sentence (see Matter of Booker v Laffin, 98 AD3d 1213, 1213-1214 [2012]; Matter of Murphy v Wells, 95 AD3d 1575, 1576 [2012], lv denied 19 NY3d 811 [2012]; People ex rel. Moultrie v Yelich, 95 AD3d 1571, 1572-1573 [2012]). Accordingly, we find no error in the computation of petitioner's jail time credit.  This Court's decision in Matter of Sparango v New York State Bd. of Parole (132 AD2d 881 [1987], mod 71 NY2d 943 [1988]), relied upon by petitioner, is factually distinguishable from the case at hand and does not compel a contrary conclusion.

Garry, J.P., Rose, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court