*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                    518774
_____

In the Matter of RICKEY LYNCH,
                    Appellant,
          v                                    MEMORANDUM AND ORDER

BRANDON J. SMITH, as
    Superintendent of Greene
    Correctional Facility, et
    al.,
                    Respondents.
_____

Calendar Date:  October 21, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Devine and Clark, JJ.

                    _____


        Rickey Lynch, Freeport, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                    _____


        Appeal from a judgment of the Supreme Court (Elliott III,
J.), entered May 7, 2014 in Greene County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision calculating petitioner's
jail time credit.

        In October 2011, petitioner was sentenced by the County
Court of Suffolk County to an aggregate prison term of 3½ to 7
years upon his conviction of, among other things, criminal
possession of a forged instrument in the second degree.  In July
2013, he was sentenced by Supreme Court in Nassau County to a
prison term of 2 to 4 years, to be served concurrently with the
2011 sentence, upon his conviction of burglary in the third

degree. Petitioner's release dates were calculated based upon his 2011 sentence, which had the longest unexpired time to run at the time that the 2013 sentence was imposed (see Penal Law § 70.30 [1] [a]). He was credited with 641 days of jail time for the period of January 9, 2010 to July 13, 2010 (186 days) for time served in Nassau County from the time of his arrest on the charge resulting in his 2013 conviction until he was released on bail, and for the period of July 27, 2010 to October 24, 2011 (455 days) from the time of his arrest in Suffolk County on the charges forming the basis of his 2011 conviction until he was received into the custody of the Department of Corrections and Community Supervision. His parole eligibility date was determined to be July 18, 2013 — that is, petitioner was immediately eligible for parole by operation of Penal Law § 70.03 (1) (a) once credited for the additional jail time served in Nassau County — and his maximum expiration date was calculated as January 18, 2017, with an earliest conditional release date of September 18, 2014 based upon possible merit time.

Petitioner commenced this CPLR article 78 proceeding seeking an additional 526 days of jail time credits, purportedly representing the total time that he was in custody on the Nassau County charges. Petitioner asserted that, for the time frame that he was being held on charges that culminated in more than one sentence, he was entitled to have the credit applied against each sentence — or, in other words, to be credited twice for the jail time that he was held on both the Nassau County and Suffolk County indictments. Supreme Court dismissed the petition, prompting this appeal.

Petitioner asserts that he is entitled to additional jail time credit against his 2013 sentence that was imposed in Nassau County. His maximum expiration date, however, is not calculated based upon that sentence. Rather, because his 2011 and 2013 sentences were imposed concurrently, "[t]he maximum term . . . merge[s] in and [is] satisfied by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1] [a]). At the time that his 2 to 4-year sentence was imposed in 2013, the 3½ to 7-year sentence on his 2011 conviction in Suffolk County had the longest unexpired time to run; therefore, crediting jail time against his 2013 sentence would not affect

his maximum expiration date.  Accordingly, inasmuch as petitioner received credits against his 2011 sentence for all time served in connection with the charges that culminated in both his 2011 and 2013 sentences, Supreme Court properly determined that his maximum expiration date was accurately calculated (see Matter of Brown v Apple, 119 AD3d 1295, 1296 [2014]; see also People ex rel. Moultrie v Yelich, 95 AD3d 1571, 1573 [2012]; Matter of Blake v Travis, 35 AD3d 925, 925 [2006]).

     Lahtinen, J.P., McCarthy, Rose, Devine and Clark, JJ., concur.



          ORDERED that the judgment is affirmed, without costs.




                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court