*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 24, 2015                    520139
_____

In the Matter of EARL
    WILLIAMS,
                        Appellant,
        v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   August 10, 2015

Before:   Peters, P.J., Garry, Egan Jr. and Clark, JJ.

                        _____


        Earl Williams, Otisville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.


                        _____


        Appeal from a judgment of the Supreme Court (McGrath, J.),
entered June 25, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision calculating petitioner's
maximum expiration date.

        On July 3, 2001, petitioner was sentenced to a maximum
aggregate prison term of 15 years upon his conviction of assault
in the first degree and other crimes.  He was received by the
Department of Corrections and Community Supervision (hereinafter
DOCCS) on July 30, 2001 and credited with 58 days of jail time
(for March 15-20, 2000 and June 8, 2001 to July 29, 2001).  On
May 14, 2009, following his conviction of manslaughter in the

first degree, petitioner was sentenced to a prison term of 4 to 12 years, to be served concurrently with the 2001 sentence. DOCCS determined that, pursuant to Penal Law § 70.30 (1) (a), his maximum release date is March 15, 2021, crediting the time that petitioner served in prison on the 2001 sentence – July 30, 2001 to May 14, 2009 – to his minimum four-year indeterminate sentence. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging DOCCS' computation. Supreme Court dismissed the petition, finding that DOCCS properly computed his sentence, and he now appeals.

On appeal, petitioner argues that DOCCS treated his sentences as if they ran consecutively and that he is entitled to credit for time served on his 2001 sentence against the maximum period of his indeterminate sentence. We disagree. Penal Law § 70.30 (1) (a) provides that where, as here, a person is serving concurrent indeterminate and determinate sentences, the person receives credit for prison time served under such sentences against the minimum period of the indeterminate sentence, but "it does not provide for application of the same credit against the maximum terms of imprisonment" (Matter of Deary v Goord, 32 AD3d 1074, 1075 [2006]; see People ex rel. Bleiwas v Commissioner of Correctional Servs., 19 AD3d 899, 900 [2005]; Matter of Latham v New York State Dept. of Correctional Servs., 296 AD2d 675, 675-676 [2002], appeal dismissed 99 NY2d 531 [2002], lv denied 99 NY2d 508 [2003]). Thus, DOCCS properly applied credit to petitioner's minimum indeterminate sentence for time served on the 2001 sentence. By distinction, while the maximum term of the indeterminate sentence and the determinate sentence merge, petitioner's maximum term of imprisonment is only satisfied "by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1] [a]; see Matter of Lynch v Smith, 123 AD3d 1279, 1280-1281 [2014]; Matter of Dillard v Annucci, 30 AD3d 917, 919 [2006]). Accordingly, DOCCS correctly calculated the maximum expiration date of each sentence,[1] determined that the 2009 sentence is controlling, and then set petitioner's maximum release date as the latter of the two, March 15, 2021, and, with

---

[1]  The maximum expiration date of his 2001 sentence is March 1, 2016.

possible good-time credit, set an earliest conditional release date of March 15, 2017.  Contrary to his claim, DOCCS' computation followed statutory mandates and did not effectively convert petitioner's concurrent sentences into consecutive ones (see Matter of Bleiwas v Commissioner of Correctional Servs., 19 AD3d at 900).

Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court